**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ROXCO, LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 02-176 C** |
| **v.** | ) | |
| | ) | **(Judge Sweeny)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**Joint Status Report**

Pursuant to Appendix A, Part IV, of the Rules of the United States Court of Federal Claims ("RCFC"), the Court's March 29, 2004 Opinion and Order and the Court's Scheduling Order dated July 28, 2006, the parties respectfully submit this Joint Status Report:

The parties have now completed all discovery.

1. **By the Plaintiff.** Roxco, Ltd. ("Roxco") requests that the Court schedule and hold a post-discovery conference to determine how the case will proceed. As background for the Court's information, the last Joint Status Report submitted to the Court by the parties prior to the initiation of merit discovery was filed in this case on or about May 21, 2004. For the Court's information and ease of reference, a copy of the May 21, 2004 Joint Status Report is attached to this report as Exhibit A.

Under Paragraph 9 of the previous Joint Status Report, the parties indicated that the Court's ADR pilot program might be beneficial to the resolution of this dispute after

the completion of all discovery. The Plaintiff has suggested to the Defendant that the parties consider ADR as a possible means of resolving the disputes between them. The Defendant's current response is listed under the Defendant's section of this Joint Status Report below.

In the Defendant's portion of this report, the Government indicates that it intends to file a number of motions in limine. If ADR is not considered by the parties in this case, then Plaintiff requests that the Court consider a scheduling order for resolution of this case by trial and that any and all pre-trial motions such as those suggested by the Government be scheduled as a part of the Court's scheduling order for trial.

Plaintiff believes that these motions are for the most part evidentiary in nature and scheduling for the resolution of such issues are best resolved in a post-discovery conference as contemplated by RCFC Appendix A, Part IV. The first motion which the Defendant intends to assert appears to relate to a previously unasserted jurisdictional issue as to the contract balance portion of Roxco's claim.

With respect to the purported jurisdictional question, Roxco states that the contract balance claim is not a separate issue, but is part and parcel of the plaintiff's certified claim herein. The original claim as certified seeks additional costs and additional time. The claim for time, if granted, eliminates the Defendant's basis for its liquidated damage claim. Count II and Count IV of the Complaint, as amended, seek recovery of the contract balance and reversal of the Contracting Officer's May 15, 2003, final decision on the liquidated damage assessment by the Defendant. If the question of the contract balance is deemed to be a separate issue, and if a separate certification

is deemed necessary, Roxco submits that the contract balance claim is subject to post hac certification under the Contract Disputes Act of 1978, 41 U.S.C. § 605(c)(6). The Defendant and the Contracting Officer are and have been fully aware of Roxco's claims for the contract balance. The contract balance component of Roxco's claim was expressly stated in Count II of Roxco's Amended Complaint dated October 16, 2003, said Amended Complaint having been filed pursuant to the Court's Order dated October 3, 2003, granting Roxco's Motion for Leave to File First Amended Complaint.

2. **By the Defendant,** Defendant agrees with plaintiff that a status conference would be helpful.

Defendant proposes to file a motion in limine seeking to exclude portions of plaintiff's expert report and upon that basis portions of plaintiff's damage claim. Defendant anticipates in this motion addressing the following: (1) plaintiff's expert report's inclusion of a claim not submitted to the contracting offer, a claim for remaining contract balance of $760,997, see City of Tacoma, Dept. of Public Utilities v. United States, 31 F.3d 1130 (Fed. Cir. 1994); Contract Cleaning Maintenance, Inc. v. United States, 811 F.2d 586, 592 (Fed. Cir. 1987) (a claim must be "a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim"); (2) plaintiff's expert report's reliance in its delay analysis upon an assumption that the Government was obligated to accept plaintiff's work, not withstanding that Roxco had failed to proffer a contractually required warranty for the exterior insulated finish system (EIFS) required for the subject housing units, see M.C.& D. Capital Corp. v. United States, 948 F.2d 1251 (Fed. Cir. 1991) (Government entitled

to insist upon proffer of warranty); (3) plaintiff's expert report's reliance upon an assumption that the Government impliedly waived strict compliance with contract specifications for structural dimensions by permitting the use of lower grade lumber, see Granite Constr. Co. v. United States, 962 F.2d 998, 1006-07 (Fed. Cir.1992) ("[T]he government generally has the right to insist on performance in strict compliance with the contract specifications and may require a contractor to correct nonconforming work."); S.S. Silberblatt, Inc. v. United States, 193 Ct. Cl. 269, 433 F.2d 1314, 1323 (1970); and plaintiff's expert report's reliance upon an a "blended" critical path analysis utilizing a "balanced" schedule, rather than the accepted critical path methodology, in the absence of evidence establishing that this analysis is "the product of reliable principles or methods," see Fed. R. Evid. 702. See Essex Electro Engineers, Inc. v. Danzig, 224 F.3d 1283 (Fed. Cir. 2000) (discussing proof required for delay damages). In the Government's view, the earliest possible resolution of these legal issues will facilitate efficient pretrial proceedings in this matter.

Defendant does not believe that ADR would be helpful at this juncture in part because of the legal issues we intend to raise in a motion in limine, because the entitlement and damages issues are intensely factual, and because the Defense Contract Audit Agency, defendant's delay expert, and plaintiff's expert have reached materially different conclusions that can only be resolved at trial.

Respectfully submitted,

/s/ E. Stephen Williams

E. STEPHEN WILLIAMS
YOUNGWILLIAMS P.A.
2000 Deposit Guaranty Plaza
Post Office Box 23059
Jackson, MS 39225-3059
(601) 948-6100
(601) 355-6136 (fax)

Attorney for Plaintiff
October 13, 2006

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRIAN M.SIMKIN
Assistant Director

/s/ John S. Groat
JOHN S. GROAT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 514-4325
(202) 514-7965 (fax)

Attorneys for Defendant
October 13, 2006

**CERTIFICATE OF FILING**

I hereby certify that on this 13th day of October, 2006, a copy of the foregoing Joint Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ E. Stephen Williams____________________