**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ROXCO, LTD.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 02-176 C** |
| **v.** | ) | |
| | ) | **(Judge Baskir)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**Joint Status Report**

Pursuant to Appendix A, Part III, of the Rules of the United States Court of Federal Claims ("RCFC"), the Court's September 17, 2003 Special Procedures Order and the Court's March 29, 2004 Opinion and Order, the parties respectfully submit this Joint Status Report:

**1. Jurisdiction**

Roxco, Ltd. ("Roxco") asserts jurisdiction pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq. (the "CDA"). The United States at this time sees no basis upon which to question the Court's jurisdiction.

**2. Consolidation**

This case should not be consolidated with any other case.

3. **Bifurcation**

The parties agree that trial of liability and damages should not be bifurcated.

4. **Deferral**

The proceedings in this case should not be deferred pending consideration of any other case. The parties are not aware of any other related cases in this or any other tribunal.

5. **Remand/Suspension**

Neither party seeks to remand or suspend this case.

6. **Joinder of Additional Parties**

Neither party intends to join additional parties.

7. **Motions Pursuant to RCFC 12(b), 12(c) or 56**

No motions pursuant to RCFC 12(b) or 12(c) have been filed or are anticipated at this time. On March 29, 2004, the Court rendered its Opinion and Order on Roxco's Rule 56 Motion for Partial Summary Judgment and the Government's Rule 56 Motion for Summary Judgment based upon the Government's claims and defenses concerning the effect of, among other things, Roxco's failure to appeal the Contracting Officer's termination of the contract. Roxco's motion was granted and the Government's motion was

denied. The parties will evaluate the possibility of future dispositive motions after discovery has been conducted.

**8. Relevant Issues**

Plaintiff offers this introduction to the case:

Roxco was the contractor for the construction of an $18 million multi-family housing project on the Barksdale Air Force Base in Bossier City, Louisiana. The Project consisted of 172 housing units (86 duplex buildings) and included roadway improvements, significant storm water and drainage improvements, fine grading, concrete foundations, wood framed construction with EIFS cladding, and interior and exterior finishes.

Due in part to financial difficulties created by this Project, Roxco ceased performance of the work in November, 1998, when the work was in excess of 95% complete. Thereafter, Roxco's performance bond surety completed the Project.

By letter dated March 30, 2001, Roxco submitted to the Contracting Officer a five volume certified claim requesting an equitable adjustment and seeking additional time on the Project and added costs of $7.8 million (Request for Equitable Adjustment, hereafter "REA"). Roxco's claims are essentially breach of contract claims and include changes in the work, differing site conditions and other breaches of the Contract by the Air Force.

The principal factual issues which support Roxco's breach of contract claims are detailed in Roxco's complaint. Roxco makes no claim and seeks no compensation for work performed after November, 1998.

Roxco's claims were submitted to the Contracting Officer pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601 *et seq*. ( "CDA"). The Contracting Officer failed and refused to act upon the Claim, thus necessitating the filing of Roxco's complaint under 41 U.S.C. §605(c)(5). The Court has jurisdiction of this case by virtue of the CDA.

In the Joint Preliminary Status Report dated August 30, 2003, Roxco submitted as Appendix 1 the March 30, 2001, cover letter and 22 page executive summary of the REA. The primary record of Roxco's claims is the five volume REA which exceeds the Court's appendix limit of 50 pages. The REA details the basis of Roxco's entitlement and contains numerous exhibits and documents to support both entitlement and costs. Roxco is prepared to submit the REA to the Court upon request. A copy of the Contracting Officer's 9 November 2001 memorandum declining consideration of the REA was attached as Appendix 2 to the Joint Preliminary Status Report dated August 30, 2003.

Roxco amended its Complaint on October 17, 2003, to include a count contesting the Contracting Officer's May 15, 2003, final decision

assessing liquidated damages against Roxco on the Project. The Air Force filed a counterclaim against Roxco requesting over $900,000 in liquidated damages for the delayed completion of the Project.

The Defendant believes the principal issues in this action are:

(1) Whether Roxco's claims are barred by its failure to comply with contractual requirements for providing notice of and seeking equitable adjustments for differing site conditions and contractual changes.

(2) Whether Roxco is entitled to an equitable adjustment under the contract as a result of differing site conditions, and if so, in what amount.

(3) Whether Roxco is entitled to an equitable adjustment under the contract as a result of Government-ordered changes in contract performance, and if so, in what amount.

(4) Whether Roxco is entitled to recover damages as a result of the Government's alleged breaches of the contract, and if so, in what amount.

(5) What amount, if any, the Government is entitled to recover for liquidated damages.

9. **Settlement**

After the parties have completed all necessary discovery, the parties believe that the Court's ADR pilot program may be beneficial to the resolution of this dispute.

10. **Trial**

If this matter cannot be resolved through settlement, the parties anticipate that the case will proceed to trial. Neither party requests an expedited trial schedule.

11. **Electronic Case Management**

At this time, neither party is aware of any special issues regarding electronic case management needs.

12. **Additional Issues**

The parties are unaware of any additional information of which the Court should be aware at this time.

13. **Proposed Discovery Plan**

Pursuant to RCFC Appendix A, ¶ 5, the parties propose the following discovery plan:

a. The parties propose that initial disclosures pursuant to RCFC 26(a)(1) be served on or before August 31, 2004.

b. The parties propose that requests for production of documents commence following the Preliminary Conference. The Defense Contract Audit Agency ("DCAA") will also conduct an audit of the plaintiff's claims that is anticipated to require at least one hundred twenty days. As such, the parties propose the following discovery schedule:

(1) From June 21 through October 21, 2004, the parties exchange the production of documents and the DCAA complete its audit of the plaintiff's claims;

(2) From October 1, 2004 through March 31, 2005, the parties engage in other discovery (except the discovery of experts), including requests for admission, interrogatories, depositions, and any necessary third-party discovery;

(3) From April 1, 2005 through June 30, 2005, the parties exchange expert witness reports and engage in discovery of experts.

c. The parties currently propose that all discovery in this action be completed by June 30, 2005.

Respectfully submitted,

E. STEPHEN WILLIAMS
YOUNG, WILLIAMS, HENDERSON
& FUSELIER, P.A.
2000 AmSouth Plaza
Post Office Box 23059
Jackson, MS 39225-3059
(601) 948-6100
(601) 355-6136 (fax)

Of Counsel
James A. Pemberton
King & King Chartered
7531 Leesburg Pike, Suite 400
Falls Church, VA 22043

Attorneys for Plaintiff
May 19, 2004

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

ROBERT KIRSCHMAN
Assistant Director

John S. Groat
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 514-4325
(202) 514-7965 (fax)

Attorneys for Defendant
May ___, 2004

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 21st day of May, 2004, I caused to be placed in the United States mail (first-class mail, postage prepaid) copies of this Joint Status Report addressed as follows:

E. Stephen Williams
Young, Williams. Henderson
& Fuselier, P.A.
2000 AmSouth Plaza
P.O. Box 23059
Jackson, MS 39225-3059

Harriette E. Bell