IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROXCO, LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-176C |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S PARTIAL MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the Court Federal of Claims ("RCFC") defendant respectfully moves the Court to dismiss for lack of jurisdiction that portion of plaintiff's, Roxco, Ltd. ("Roxco"), amended complaint that seeks the outstanding contract balance in the amount of $772,808.63. In support of this motion, we rely upon the memorandum which follows, with appendix ("A").

DEFENDANT'S BRIEF

QUESTION PRESENTED

Whether this Court has jurisdiction pursuant to 41 U.S.C. §§ 601 et seq. to entertain a contract claim not presented by the contractor in a claim to the contacting officer.

STATEMENT OF THE CASE

The Court's March 29, 2004 decision reported at 60 Fed. Cl. 39 sets forth the procedural posture of the case and reflects the parties' Consolidated Statement of Uncontroverted Facts relevant generally to the case.

## ARGUMENT

Because Roxco Cannot Meet Its Burden To Establish That It Submitted A Claim For The Contract Balance Claim To The Contracting Officer, The Court Lacks Jurisdiction To Entertain Such A Claim

Because Roxco cannot meet its burden to establish that it submitted a claim for the contract balance claim to the contracting officer, the court lacks jurisdiction to entertain such a claim.

Roxco's amended complaint ("A. Compl.") alleges the Air Force breached the contract "by failing to pay Roxco the contract balance of $772,808.63," and that Roxco is entitled to interest for the contract balance. A Compl., ¶¶ 27 & 28. Roxco, however, cannot establish that it submitted a claim for entitlement to the contract balance to the contracting officer. See McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936) (if the allegations of the party seeking jurisdiction "are challenged by his adversary in any appropriate manner, he must support them by competent proof"); Hambro Automotive Corp. v. United States, 603 F.2d 850, 853 (CCPA 1979) (party asserting jurisdiction has the burden of showing that jurisdiction exists). Accordingly, this Court lacks jurisdiction to entertain the alleged breach claim for the contract balance. City of Tacoma v. United States, 31 F.3d 1130, 1134-35 (Fed. Cir. 1994) (basis of claim must be submitted to the contracting officer); Reliance Insurance Co. v. United States, 931 F2d 863, 866 (Fed. Cir. 1991).

Contract no. F16602-95-C-0013 (“the contract”) was terminated for Roxco’s default on December 21, 1998. A3. The contracting officer terminated the contract for Roxco’s default after Roxco served notice by its letter dated October 16, 1998, that it was “financially unable to perform or complete the performance of the work or comply with its contractual obligations on the above project, and, accordingly, is in default . . . . Roxco, Ltd. hereby irrevocably and voluntarily abandons and terminates the above construction Contract immediately.” A1. Roxco’s voluntary abandonment and its own default termination was also confirmed by a letter from Roxco’s surety, American Home Assurance Co., to the contracting officer dated November 4, 1998. A2. The surety later completed the contract work.

On March 30, 2001, about two years and three months after Roxco’s default, Roxco submitted to the contracting officer its request for equitable adjustment (“REA”) or claim under the contract in the amount of $7,840,497.40, including a request for various time extensions. The REA contains a 124 page narrative as Volume I, a 42 page so-called “cost” section as Volume II, and three additional volumes of related exhibits and correspondence. Nowhere in the REA does Roxco claim entitlement to the remaining contract balance. The index to Volume I , or “Technical Entitlement,” lists the following alleged entitlement claims: 1. Sitework/Drainage; 2. Re-Sod at Government’s Direction; 3. Hidden Concrete; 4. Building Concrete; 5. Framing and Carpentry; 6. Architectural Changes; 7. Building Tolerances and Improper Inspection Procedures; 8. EIFS [Exterior Insulated Finishing System]; 9. Soil and Concrete Testing; 10. Extended Fixed Field

Expense; and 11. Home Office Unabsorbed Overhead. A21 (ROXCLAIM 0025). The index or cost recapitulation to the REA seeks the following monetary damages: 1. Sitework/Drainage $821,282.15; 2. Re-Sod at Government's Direction $64,572.22; 3. Hidden Concrete $333,765.98; 4. Building Concrete $445,168.92; 5. Framing and Carpentry $1,009,240.60; 6. Architectural Changes $972,800.89; 7. Building Tolerances and Improper Inspection Procedures $1,721,892; 8 EIFS $268,560; 9. Soil and Concrete Testing $282,560.55; 10. Extended Fixed Field Expense $1,606,715.99; and 11. Home Office Unabsorbed Overhead $313,784 for a "TOTAL COST" of $7,840,497.40. A22 (ROXCLAIM 00125).

By letter dated November 9, 2001, the contracting officer advised Roxco that its REA was returned without action as its was "not considered timely" because of the default termination that was never appealed by Roxco. A7. On March 7, 2002, Roxco filed its complaint with three counts seeking $7,840,497.40 based upon alleged changes and differing site conditions, breaches of the contract, and interest and litigation costs, as set forth in Roxco's REA dated March 30, 2001. Compl., ¶¶ 20-24.

On May 15, 2003, the contracting officer issued a contracting officer's final decision that Roxco, as the prime contractor and responsible for the performance of the contract, was indebted to the Government in the amount of $909,791 for liquidated damages in accordance with contract clause F-20, entitled "Liquidated Damages," 48 C.F.R. 52.211-12 (APR 1984). A7. At the same time, the contracting officer sent Roxco a "Demand Letter" for the liquidated damages in the amount of $909,791.00. A8. The

demand letter advised Roxco how to request deferment of collection or payment of the government's claim for liquidated damages, how to make payment for the liquidated damages, and the fact that the liquidated damages would accrue interest in accordance with contract clause, I-403, "Interest (Jan 1991)," 48 C.F.R.52.232-17, on any amount not paid within 30 days from May 15, 2003. The demand letter further advised of the following: "Inasmuch as the remaining balance on the contract of $772,808.63 is insufficient, that amount will be retained and applied against the liquidated damages." The surety, American Home Assurance, and counsel for Roxco, Mr. E. Stephen Williams, were all provided copies of both the contracting officer's final decision and demand letter for the liquidated damages dated May 15, 2003. The contracting officer's final decision and demand letter for the liquidated damages did not address Roxco's or the surety's entitlement or right to the immediate payment of the contract balance - only that the balance would be "retained and applied against the liquidated damages." A8.

On October 16, 2003, Roxco filed its "First Amended Complaint." The amended complaint has three counts that seek the following: Count One - Equitable Adjustment for alleged changes and differing site conditions in the amount of $7,840,497.40 (A. Compl. ¶ 24); Count Two - Breach of Contract for alleged breaches of contract in the amount of $7,840,497.40, and "by failing to pay Roxco the contract balance of $772,808.63 (A. Compl., ¶¶ 26 & 27);" Count Three - Interest and Litigation Costs, including interest on the contract balance (A. Compl., ¶ 28); and Count Four - "Reversal of Liquidated Damage Decision and Award of Additional Damages to Roxco" for a

reversal of the contracting officer's final decision for liquidated damages dated May 15, 2003, and determinations that Roxco is not responsible for the liquidated damages, any delays were without the fault or negligence of Roxco, and that the Air Force is not entitled to liquidated damages or that Roxco is entitled to an award of additional time and/or damages that exceed or offset the liquidated damages (A. Compl., ¶ 30). The amended complaint's prayer for relief seeks a total sum of $8,613,306.03.

The Contract Disputes Act ("CDA") requires "all claims against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision." 41 U.S.C. § 605(a). In addition, "[a]ll claims by the government against the contractor relating to the contract shall be the subject of a decision by a contracting officer." Id. A claim must give "a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." Contract Cleaning Maintenance, Inc. v. United States, 811 F.2d 586, 592 (Fed. Cir. 1987). In the absence of a claim to the contracting officer to clearly and unequivocally stating a claim, this Court lacks jurisdiction to entertain a claim pursuant to the CDA. Reliance Ins. Co. v. United States, 931 F.2d 863, 866 (Fed. Cir. 1991).

In City of Tacoma, the United States Court of Appeals for eh Federal Circuit held that a claim to the contacting officer asserting a specific basis for relief constituted a jurisdictional prerequisite to suit, as follows:

> The city's last attempt to invalidate the contract pertains to the termination clause, which it characterizes as an invalid perpetuity. The clause provides that the contract shall

> continue until terminated at the option of the government with at least 30 days notice. The city cannot now raise this challenge because it was not included in the certified claim to the contracting officer. Although the city requested termination in its second certified claim to the contracting officer, it described the basis for the request as a dispute over the payment of electrical services. It did not challenge the validity of the contract's termination clause.

City of Tacoma v. United States, 31 F.3d 1130, 1134-35 (Fed. Cir. 1994).

A contractor's complaint before the Court need not rigidly adhere to the exact language or structure of the claim submitted by the contractor to the contracting officer, but the claim must give contracting officer clear notice to the of the basis of the claim and seek the same remedy. See Scott Timber Co. v. United States, 333 F.3d 1358, 1365-66 (Fed. Cir. 2003) (although "slightly different legal theories for breach" of the contract may have been posed by the contractor, claim was essentially the same presented to the contracting officer).

Roxco has raised entirely new claims in its amended complaint before the Court for alleged breach damages "by failing to pay Roxco the contract balance of $772,808.63" and for "interest on the contract balance." A. Compl., ¶¶ 27& 28. This claim was never submitted to the contracting officer, are not the subject of a contracting officer's final decision, and must be dismissed.

The contracting officer's final decision for a Government claim dated May 15, 2003, established the Government's right or claim to liquidated damages in the amount of $909,791. The final decision and demand letter did not determine Roxco's or the surety's

right to payment of the contract balance, nor did it determine whether Roxco was entitled to interest for the contract balance. Even without a written takeover agreement, the surety, having completed the work after Roxco's default, has "certain rights and interests in the completion of the contract work and application of any undisbursed funds" that the contracting officer was required to respect. 48 C.F.R.§ 4.404(b).

Roxco had no basis upon which to assert a claim for the contract balance. Roxco never submitted an invoice to the contracting officer for payment of the contract balance, as it was required by contract clause I-387, Payments Under Fixed-Price Construction Contracts, 48 C.F.R. 52.232-5(h). Roxco, moreover, could not properly submit an invoice for the contract balance because it did not complete the contract work due to its own default, and the work was completed by its surety, American Home Assurance. 48 C.F.R. 52.232-5(h) ("The Government shall pay the amount due the contractor under this contract after - (1) Completion and acceptance of all work; (2) Presentation of a properly executed voucher; and (3) Presentation of a release of all claims . . .," other than those claims specifically reserved by the contractor.).

The contracting officer's final decision and demand letter dated May 15, 2003, did determine the right to payment of the contract balance or adjudicate an entitlement to payment of the contract balance with interest. The contracting officer's demand letter dated May 15, 2003, simply advised Roxco of the amount of the remaining balance, the fact the government's claimed liquidated damages exceeded the balance, and the balance was "retained and applied against the liquidated damages." If Roxco believed that it was

entitled to payment of the contract balance with interest on the balance, FAR 48 C.F.R. 52.232-5(h) required that Roxco submit an invoice for payment. As discussed above, Roxco's REA dated March 30, 2001, never requested payment of the contract balance.

Roxco was required to submit such a claim for payment of the contract balance with interest to the contracting officer for this court to now entertain such a claim. 41 U.S.C. 605(a); City of Tacoma v. United States, 31 F.3d at 1134-35; Reliance Insurance Co. v. United States, 931 F2d at 866. Roxco's amended complaint, seeking breach damages for failure to pay the contract balance, and for payment of the contract balance with interest, "'subvert[s] the statutory purpose of requiring contractors first to submit their claims to the contracting officer' to allow the contracting officer to receive and pass judgment on the contractor's entire claim." Scott Timber Co. v. United States, 333 F.3d 1358, 1365-66 (Fed. Cir. 2003) (quoting Croman v. United States, 44 Fed. Cl. 796, 801-02 (1999)). In the absence of Roxco's submission to the contracting officer of such a claim for payment of the contract balance, this Court lacks jurisdiction to entertain plaintiff's amended complaint for claims related to payment of the contract balance and should dismiss that claim from the amended complaint upon that basis.

## CONCLUSION

For the reasons set forth above, the Court should dismiss that portion of Roxco's amended complaint that seeks the outstanding contract balance of in the amount of $772, 808.03.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

/s/ John S. Groat
JOHN S. GROAT
Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-8260
Fax (202) 514-7965
jack.groat@usdoj.gov

Of Counsel:

Bryan O'Boyle
Senior Trial Attorney
Air Force Legal Services Agency

November 9, 2006