**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ROXCO, LTD.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **No. 02-176** |
| | ) | **(Judge Sweeney)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant** | ) | |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S PARTIAL MOTION TO DISMISS**

The Defendant's Partial Motion To Dismiss seeks dismissal of that portion of Roxco's Amended Complaint which seeks recovery of the outstanding contract balance. The Government postulates that this Court is without jurisdiction because no separate, discrete claim for the contract balance was submitted by Roxco to the contracting officer.[1] For the reasons set out below, the motion should be denied.

**I. Procedural History**

As correctly noted by the Government, this Court's March 29, 2004, decision, reported at 60 Fed.Cl. 39, recounts much of the procedural history of this case. That decision disposed of the Government's serial defenses setting forth the contentions that Roxco cannot prosecute its claims because of (1) waiver, (2) equitable estoppel, (3) *res judicata*, (4) failure of contract performance, and (5) untimeliness of the claim (based on the failure of the contracting officer to render a final decision on Roxco's request for an equitable adjustment). The decision also

[1] As noted later in this Response, Roxco has submitted a Supplemental Certified Claim (SCC) for the contract balance. A copy is attached as Exhibit "1". For the reasons explained in this Response, the SCC is unnecessary and redundant. As explained in the SCC, Roxco reserved its right to prosecute its claim for release of the contract balance stated in its Amended Complaint when it submitted the SCC to the contracting officer.

disposed of the Government's argument that the Amended Complaint's appeal of the contracting officer's liquidated damages decision is time-barred. The Government has now revised its defensive posture to assert an absence of jurisdiction over the contract balance segment of Roxco's Amended Complaint which includes an appeal of the liquidated damages decision.

## II. Argument

In support of its present motion the Government has cited several decisions which state the general rule that jurisdiction in Contract Disputes Act cases generally springs from the filing of a certified claim to the contracting officer and the issuance of a final decision by the contracting officer on the claim. Roxco does not dispute this assertion as a statement of the general rule. In forming its argument, however, the Government has misconstrued the posture of this case.

In the cases cited by the Government the claims at issue were claims prosecuted initially by the contractors. In a claim initiated by a contractor it is undisputed that the triggering event is a certified claim by the contractor. In contrast to the cases cited by the Government, the present case presents a final decision on a liquidated damages claim prosecuted by the Government, not by Roxco[2]. Furthermore, the final decision on the Government's claim includes, as an integral and indispensable component thereof, a final decision regarding the existence, amount, and disposition of a contract balance.

On May 15, 2003, the contracting officer produced two, ostensibly separate, memoranda. Both memoranda are exhibits to Roxco's Amended Complaint. The Government has not contested the authenticity of these memoranda. Copies of those memoranda are separately attached as exhibits "A" and "B" to the SCC which is Exhibit "1" to this Response. Exhibit "A"

[2] In response to Roxco's Amended Complaint, the Government filed a counterclaim for the liquidated damages on October 20, 2003.

is denominated, "Final Decision". It concluded that Roxco owed the Government liquidated damages in the amount of $909,791.00. Exhibit "B" is denominated, "Demand Letter". It concluded that a contract balance of $772,808.63 existed, and that the contract balance was to be disposed of as a setoff to liquidated damages.[3]

It is plain that the two May 15 memoranda are truly one decision addressing and deciding the ultimate issue of what monies are owed by whom to whom. Roxco properly included, and thereby appealed, the contract balance segment of the contracting officer's final decision in its Amended Complaint. It is indisputable that the contracting officer decided all possible issues regarding the existence, amount, and disposition of a contract balance on May 15, 2003. It places form above substance to argue that the two memoranda of May 15, 2003, are not a single decision. Properly viewed, the entire final decision flows naturally from the Government's claim of liquidated damages. Because the final decision, *in toto*, decides a Government claim, the antecedent existence or non-existence of a certified claim by Roxco for the contract balance is immaterial.

The Court of Appeals for the Federal Circuit has essentially decided the issues raised by the present motion. That Court has established that Contract Disputes Act jurisdiction extends to the issue of a contract balance when a contracting officer's resolution of a liquidated damages claim by the Government includes a decision regarding a contract balance. In Placeway Construction Corporation vs. United States, 920 F.2d 903 (Fed.Cir., 1990), the Court of Appeals considered a scenario very similar to the facts of the present case. Placeway, too, involved construction of military housing. The contractor failed to file a certified claim for a contract

[3] This was the first indication to Roxco that a contract balance exists. Prior to May 15, 2003, Roxco was unaware that there was a contract balance.

balance.[4] As here, the Government claimed liquidated damages. The contracting officer issued a final decision on liquidated damages, and in the process found that a contract balance existed but could not be released because of liquidated damages owed to the Government by the contractor. The contractor's appeal included a claim for the contract balance.

The Government in Placeway, as here, responded with a jurisdictional challenge based on the absence of a prior certified claim by the contractor for the contract balance. The Court of Appeals, *id*., at 907, made two rulings critical to the resolution of the present motion. First, the Court of Appeals concluded that jurisdiction for the contractor's appeal existed despite the absence of a certified claim by the contractor because the liquidated damages claim was the Government's claim, not the contractor's claim. Accordingly, the absence of a prior certified claim by the contractor was immaterial. Second, the Court explained that because the issue of a contract balance was resolved within the context of the Government's claim for liquidated damages, the issue of the contract balance was a proper subject for appeal by the contractor.[5] Placeway disposes of the present motion in its entirety. The motion must be denied.[6]

**III. Miscellany**

As noted in footnote one, Roxco has recently submitted a Supplemental Certified Claim (SCC) regarding the contract balance. A copy of the SCC is attached as exhibit "1".[7] The SCC

---

[4] The contractor had submitted vouchers to the contracting officer regarding a contract balance, but no certified claim was ever filed. See, Placeway, *id*., at 905.

[5] The Government may argue that Exhibit "B" should not be considered as part of the final decision because it is not denominated as a final decision, and because it does not contain the standard language regarding appeal rights etc. Placeway addresses this circumstance and disposes of any such argument. The Court of Appeals, at p. 907, noted that that the absence of "boilerplate language usually present for the protection of the contractor" does not prevent a finding by a contracting officer from being properly recognized as a final decision.

[6] The Government also argues, at p. 8 of its Motion, that Roxco's appeal of the contract balance is defective because Roxco has not complied with 48 C.F.R. §52.232(h). This regulation addresses the requirements of payment requests by a contractor. Because, as explained in this Response, jurisdiction in this Court is not founded on a payment request, the Government's reliance on this regulation is misplaced.

[7] The text of the supplemental claim letter refers to the claim as a "Supplemental Verified Claim." The more correct statutory usage would, of course, be "Supplemental Certified Claim". The difference in wording is meaningless, but

is provisional, and was submitted as a precaution and in an effort to insure that this entire dispute is finally resolved by one route or another. The SCC is a secondary vehicle, and Roxco expressly submitted the SCC subject to Roxco's prior assertion of jurisdiction in this Court over the contract balance issue. Under the rule of law explained in Placeway, the SCC is redundant and unnecessary. As shown above, the Government's present motion should be denied. Roxco's present appeal regarding the contract balance should be decided as an issue raised and joined in this proceeding without regard to the cautionary submission of the SCC.

Dated: December 8, 2006.

Respectfully submitted,

ROXCO, LTD

by: _/s/ E. Stephen Williams___
E. Stephen Williams
Mississippi State Bar #7223

YoungWilliams P.A.
2000 AmSouth Plaza
Post Office Box 23059
Jackson, Mississippi 39225-3059
Telephone: (601)948-6100
Facsimile: (601)355-6136
steve.williams@youngwilliams.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December, 2006, a copy of the foregoing Plaintiff's Response to Defendant's Partial Motion to Dismiss was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's

this pleading refers to the supplemental claim as" certified" rather than "verified". The letter does, in fact, contain the required certification.

electronic filing system. Parties may access this filing through the Court's system.

DATED: December 8, 2006.

____/s/ E. Stephen Williams_____

GENERAL CONTRACTOR GUNITE CONTRACTOR

ROXCO, LTD.

PHONE (601) 825-4193
FAX (601) 825-8997

P.O. BOX 64 • BRANDON, MISSISSIPPI 39043

December 5, 2006

Ms. Kathleen A. Lee
Contracting Officer
2D Contracting Squadron
841 Fairchild Avenue
Barksdale, AFB, LA 71110-2271

re: Supplemental Verified Claim
Contract No. F16602-C-0013
Replace Military Housing
Barksdale Air Force Base

Dear Ms. Lee,

Pursuant to 41 U.S.C. §605, Roxco, Ltd. (Roxco) hereby submits this letter to serve as its Supplemental Verified Claim for the Contract Balance owed Roxco on the referenced contract. The existence of a contract balance was first revealed to Roxco in your "Memorandum For Roxco, Ltd." dated May 15, 2003, a copy of which is attached as Exhibit "A". That memorandum was prepared in conjunction with your final decision in connection with the alleged liquidated damages.

In that memorandum you asserted that the contract balance was $772,808.63. The correct amount of the outstanding contract balance is $760,997.00, as determined by Roxco's consultant. This Supplemental Verified Claim is for the latter amount. A reconciliation explaining the computation of the correct amount of the contract balance is attached as Exhibit "B". Because you have previously concluded that a contract balance exists, Roxco requests expedited consideration and resolution of this Supplemental Verified Claim.

I certify that this claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the Contract Balance for which the Government is liable; and that I am duly authorized to certify this claim on behalf of Roxco.

Roxco has previously, and properly, asserted its claim to the contract balance in that proceeding in the United States Court of Federal Claims styled "Roxco, Ltd. vs. The United States of America", and bearing cause number 02-176 C. Roxco does not waive its claim for the contract balance made in that proceeding. Roxco reserves its right to prosecute its claim for the contract balance in that proceeding. This Supplemental Verified Claim is submitted out of an abundance of caution, and in response to assertions made by the Government in that proceeding.

Sincerely,

Ronald Robbins,
Vice President

EXHIBIT
tabbies
"1"

DEPARTMENT OF THE AIR FORCE
HEADQUARTERS 2D MISSION SUPPORT GROUP (ACC)
BARKSDALE AIR FORCE BASE, LOUISIANA 71110

Certified Mail: 7099 3400 0015 4188 8775

MEMORANDUM FOR Roxco, Ltd.
P.O. Box 64
Brandon, MS 39043

15 May 2003

FROM: 2d Contracting Squadron
841 Fairchild Ave, Suite 205
Barksdale AFB, LA 71110-2271

SUBJECT: contract F16602-95-C-0013, Liquidated Damages – Demand Letter

1. You are hereby put on notice of the Government's demand for payment of liquidated damages in the amount of $909,791.00, calculated at the daily rate of $131.00 plus $15.00 x the number of housing units not complete beginning with 26 Feb 1998 until 20 Aug 1999. Inasmuch as the remaining balance on the contract of $772,808.63 is insufficient, that amount will be retained and applied against the liquidated damages.

2. Payment may be made by certified check payable to Barksdale Air Force Base and mailed to:

Accounting Liaison Office
Suite 307
345 Davis Ave W.
Barksdale AFB, LA 71110

In accordance with contract clause I-403, FAR 52.232-17, Interest (Jan 1991), interest will accrue on any amount not paid within 30 days from the date of the demand, and that interest rate shall be the rate established by the Secretary of the Treasury, for the period affected, under Public Law 92.41.

3. You may submit a proposal for deferment of collection if immediate payment is not practicable or if the amount is disputed. Any deferment request should be sent to Mr. Steve Roebuck, Chief, Air Force Contract Financing Office, Financial Management, SAF/FMPB, 1130 Air Force Pentagon, Washington, DC 20330-1130. His phone number is (703) 697-4638.

Kathleen A. Lee
KATHLEEN A. LEE
Contracting Officer

Cc:
E. Stephen Williams
YOUNG, WILLIAMS, HENDERSON & FUSELIER, P.A.
2000 Deposit Guaranty Plaza
P.O. Box 23059
Jackson, MS 39225-3059

American Home Assurance
175 Water St. 6th Floor
New York, NY 10038

*Global Power For America*

EXHIBIT
"A"

# TAB A
# CONTRACT RECONCILIATION

| | | |
|---|---|---|
| A. | Original Contract Amount: | $18,898,565 |
| B. | Contract Modifications: (P00001 through P00023) | $258,578 |
| | Less Unilateral Contract Modification P00011: | $54,974 |
| | Less Unilateral Contract Modification P00022: | ($66,786) |
| | **Revised Contract Amount: (See Note 1)** | **$19,145,331** |
| C. | Davis Bacon Wage Rate Issue: | $203,949 |
| | **Revised Contract Amount:** | **$18,941,382** |
| C. | Total Payments to Roxco: | $18,191,394 |
| | Interest Paid by Government on Late Payments: | ($11,009) |
| | **Cash Payments Applied to Contract:** | **$18,180,385** |
| | **TOTAL OUTSTANDING BALANCE: (See Note 2)** | **$760,997** |
| | **TOTAL FORWARDED TO SUMMARY:** | **$760,997** |

Note 1: The Government issued P00011 as a unilateral modification. It included a $66,786 credit for alleged use of unspecified engineered fill. The Government added that same amount back in P00022. Roxco never accepted P00011 or P00022. Pearson has reconciled the amounts that it believes should be included in P00011 with the amounts that the Government actually included in P00011 at Tab K.

Note 2: The Contracting Officer wrote Roxco on May 15, 1993 stating that the remaining contract balance was $772,808.63. No reconciliation was provided and Pearson does not know how the Government calculated that figure.

EXHIBIT

tabbies

"B"