IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROXCO, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-176C |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S PARTIAL MOTION TO DISMISS

Defendant respectfully responds to Roxco, Ltd. ("Roxco") December 8, 2006 response and opposition to Defendant's partial motion to dismiss ("Opp.").

ARGUMENT

The Court Lacks Jurisdiction To Entertain Roxco's Claim To The Contract Balance, A Contractor Claim, Notwithstanding The Court's Jurisdiction To Entertain The Government's Claim For Liquidated Damages, A Government Claim

A. The Parties' Contentions

In its response and opposition to the Government's partial motion to dismiss ("Def. Br."), Roxco does not contest that it failed to submit to the contracting officer a clear and unequivocal claim for the contract balance in the amount of $772,808.63. Nonetheless, Roxco now contends that this Court has jurisdiction to consider such a claim because it appeals "a final decision on a liquidated damages claim prosecuted by the Government," which "final decision on the Government's claim includes, as an integral and indispensable component thereof, a final decision regarding the existence, amount, and disposition of a contract balance." Opp. at 2. Roxco relies principally upon Placeway

Construction Corp. v. United States, 920 F.2d 903 (Fed. Cir. 1990), Opp. at 3-4, where the court found jurisdiction under the Contract Disputes Act, 41 U.S.C. §§ 601-613 ("CDA"), to entertain a Government claim for consequential damages to be offset from the contract, where the contractor's entitlement to the contract balance was undisputed and was put in issue by a contracting officer's final decision that established a Government counterclaim for damages caused to other projects.

As demonstrated herein, Roxco's reliance is mistaken because Placeway addresses the Court's jurisdiction to entertain a Government claim, not a contractor claim. Roxco here never completed the contract work, never submitted an invoice for the work, never submitted a claim to the contracting officer for the contract balance, and the contracting officer has never rendered a final decision on Roxco's entitlement to the contract balance. Moreover, Roxco's new, recent submission to the contracting officer of a December 5, 2006 "provisional" claim for the contract balance has no legal effect and fails to cure the jurisdictional defects in Roxco's claim for the contract balance.

B. Roxco Never Submitted A Claim For The Contract Balance

Notably, Roxco does not contest the fact that, prior to its submission to the contracting officer of its December 5, 2006 "provisional" claim, Roxco never submitted a claim to the contracting offer for the contract balance. The Court must find this fact uncontroverted. Indeed, as we demonstrated in our moving brief, Roxco's March 31, 2001 REA, that is the general subject matter of this suit, never requested payment of the contract balance. Def. Br. at 3-4, 9.

As we demonstrated in our moving brief (" Def. Br.") at 6-9, section 605(a), title 41 United States Code, provides that "[a]ll claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer." See England v. The Swanson Group, Inc., 353 F.3d 1375, 1380 (Fed. Cir. 2004) (ASBCA lacked jurisdiction, because the contractor failed to present to the contracting officer a "claim within the meaning of the Contract Disputes Act"); James M. Ellett Constr. Co. v. United States, 93 F.3d 1537, 154243 (Fed. Cir. 1996) ("[T]here are three requirements a nonroutine submission must meet to be a 'claim.' It must be: (1) a written demand or assertion, (2) seeking as a matter of right, (3) the payment of money in a sum certain."); see 48 C.F.R. §§ 2.101, 52.233-1(c). If the claim is in excess of $100,000.00, the contractor must certify that: the claim is made in good faith; the supporting data is accurate and complete; the amount requested accurately reflects the amount for which the contractor believes the Government is liable; and the certifier is duly authorized to certify the claim on behalf of the contractor. See 41 U.S.C. § 605(c)(1).

Here, there is no dispute that Roxco never made any claim prior to its December 5, 2006 "provisional" submission to the contracting officer. As such, the court must find that Roxco has never properly submitted a claim to the contracting officer for the contract balance.

C. Placeway Addresses This Court's Jurisdiction To Entertain A Government Claim For Damages Where Entitlement To The Contract Balance Is Undisputed

Roxco's contention that Placeway establishes this Court's jurisdiction to entertain its claim to the contract balance, a contractor's claim, Opp. at 3-4, is incorrect. In Placeway, the Federal Circuit concluded that the contracting officer had "decided that the contract price balance due would not be 'released' because Placeway had failed to complete the contract 'in a timely manner,' delaying the government in issuing start-work notices to two other contractors scheduled to do work on Governors Island who might later submit delay claims against the government." Placeway, 920 F.2d at 905. The court then held, as follows:

> The CO's decision, however, did determine both liability and damages. He concluded that Placeway was liable because of delayed performance and effectively ruled that damages would be the contract balance, $297,226.12, subject to revision if he concluded that different damages were due at some indeterminate time in the future.FN2 Accordingly, we conclude that the CO made a final decision on the government claim alleging damages because of Placeway's delay in contract performance. The decision is no less final because it failed to include boilerplate language usually present for the protection of the contractor. Moreover, the CO's decision was adverse to Placeway and thus it could properly appeal to the Claims Court. **As a final decision on a government claim, the Claims Court has jurisdiction, even though the claim was not certified. Accordingly, we vacate the Claims Court's dismissal of Count II and remand for further proceedings**.
> FN2. Even if the CO's letter is construed as merely a statement that he is investigating the government's claim to decide liability, we find no authority for him effectively to award fixed damages prematurely and speculatively, *i.e.*, prior

> to liability being established and a quantum being ascertained. Moreover, implicit to a CO decision to award specified damages is a decision imposing liability, whether or not liability is explicitly discussed.

Placeway, 920 F.2d at 907 (emphasis added). Holding that this Court had jurisdiction to entertain a Government's claim for consequential damages off-setting entitlement to the contract balance, the court noted that "[i]t was undisputed that Placeway had completed performance of the contract. Moreover, the contract price for the work completed was undisputed and was due upon completion of the work." 920 F.2d at 906.

In contrast, it is undisputed here that Roxco did not complete the contract and that the required work was completed by its surety, American Home Assurance, and the record does not reflect that the contracting officer regards Roxco as entitled to the contract balance. The contracting officer's demand in this case for liquidated damages did not resolve Roxco's or the surety's entitlement to the contract balance -- something that the contracting officer's final decision did in Placeway. Roxco is thus simply wrong to contend that in Placeway "the Court explained that because the issue of a contract balance was resolved within the context of the Government's claim for liquidated damages, the issue of the contract balance was a proper subject for appeal by the contractor." Opp. at 4. Since Placeway had completed its contract work, there could be no appeal of a decision regarding the contract balance because there was no dispute in Placeway regarding the contractor's entitlement to the contract balance in the absence of the Government's set-off for consequential damages. Simply stated, the holding in

Placeway concerns the Court's jurisdiction under the CDA to entertain claims to the contract balance that arise from contracting officer's final decision asserting a Government claim setting off that balance, where the contractor's underlying entitlement to the contract balance is not disputed.

As we demonstrated in our moving brief, Def. Br. 4-5, the contracting officer's May 15, 2003 final decision determined that Roxco, as the prime contractor and responsible for the performance of the contract, was indebted to the Government in the amount of $909,791 for liquidated damages in accordance with contract clause F-20, entitled "Liquidated Damages," 48 C.F.R. 52.211-12 (APR1984). At the same time, the contracting officer's May 15, 2003 "demand letter" informed Roxco how to request deferment of collection or payment of the government's claim for liquidated damages, how to make payment for the liquidated damages, and the fact that the liquidated damages would accrue interest in accordance with contract clause I-403, "Interest (Jan 1991)." A8. The contracting officer's "demand letter" was sent to Roxco, the surety, and Mr. Williams, counsel for Roxco. A8. The demand letter's statement that the "remaining balance on the contract of $772,808.63 [was] insufficient," and how that amount would be "retained and applied against the liquidated damages," did not address Roxco's or the surety's right to the immediate payment of the contract balance -- only that the balance would be "retained and applied against the liquidated damages." In contrast to Placeway, the contracting officer's final decision and demand letter here neither reflected a demand

by Roxco to the contract balance, nor analyzed Roxco's or the surety's entitlement to the contract balance.

In order to assert a claim in this Court for the contract balance, a contractor claim, Roxco must have submitted a proper claim to the contracting officer for payment of the contract balance, which it did not do in its March 30, 2001 Request for an Equitable Adjustment ("REA"). Even if Roxco's amended complaint for the contract balance is now construed as a counterclaim or set-off from the contracting officer's claim for liquidated damages, which is what Roxco seems to suggest but does not expressly argue, the result here is the same -- the Court lacks jurisdiction to entertain any contractor claim not submitted to the contracting officer. "The rule in this circuit is that [contractor] claims in the nature of counterclaims, setoffs and offsets are still subject to the requirements of the CDA." Lockheed Martin Corp. v. United States, 70 Fed. Cl. 745, 756 (2006) (citations omitted).

D. The Court Lacks Jurisdiction To Entertain Roxco's December 5, 2006 "Provisional" Claim

Under a section styled "Miscellany" in its opposition brief, Roxco discusses its recent submission of a "provisional" claim to the contracting officer dated December 5, 2006, "as a precaution and in an effort to insure that this entire dispute is finally resolved by one route or another." Opp. at 4-5. While the relevance of these comments to the Government's pending motion is not immediately apparent, should the Court consider these comments relevant, we briefly offer a response to these comments.

Because Roxco's has claimed entitlement to the contract balance in this action, the contracting officer now lacks authority to issue a final decision on Roxco's claim for the contract balance pursuant to the established rule that "[o]nce a claim is in litigation, the Department of Justice gains exclusive authority to act in the pending litigation." Sharman Co. v. United States, 2 F.3d 1564, 1571 (Fed. Cir. 1993). See also 28 U.S.C. §§ 516-520; Witherington Construction Corp. v. United States, 45 Fed. Cl. 208, 211-12 (1999); Durable Metal Products, Inc. v. United States, 21 Cl. Ct. 41, 46 (1990). Roxco's initiation of this litigation for the contract balance, even though jurisdictionally defective under the CDA, currently divests the contracting officer of any authority to resolve this new "provisional" claim for the contract balance. Sharman Co., 2 F.3d at 1570-71.

Moreover, Roxco has failed even in its December 5, 2006"provisional" claim to set forth the operative facts in support of a legal theory upon which it contends that it is now entitled to the contract balance. A "contractor [must] submit in writing to the contracting officer a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." Contract Cleaning Maint., Inc. v. United States, 811 F.2d 586, 592 (Fed. Cir. 1987); see J.C. Equip. Corp. v. England, 360 F.3d 1311, 1318 (Fed. Cir. 2004) (holding that a claim for equitable adjustment did not present a claim for conversion of a default termination to a termination for convenience). Roxco's "provisional" claim thus fails to satisfy the jurisdictional substantive prerequisite for a proper claim.

Roxco's newly submitted "provisional" claim to the contracting officer is itself jurisdictionally defective, both procedurally and substantively, cures nothing, and merely further complicates the procedural posture of this case.

CONCLUSION

For the reasons stated in our moving brief and above, the Court should dismiss that portion of Roxco's amended complaint that seeks the outstanding contract balance in the amount of $772,808.03.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRIAN M. SIMKIN,
Assistant Director

/s/ John S. Groat
JOHN S. GROAT
Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-8260
Fax: (202) 514-7965
jack.groat@usdoj.gov

Of Counsel:

Bryan O'Boyle
Senior Trial Attorney
Air Force Legal Services Agency

December 22, 2006

Attorneys for Defendant