# In the United States Court of Federal Claims

No. 02-176C
(Filed: March 5, 2007)

| | |
|---|---|
| ROXCO, LTD., | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

## ORDER

On March 2, 2007, the court heard oral argument on defendant's Partial Motion to Dismiss and Motion in Limine.

Partial Motion to Dismiss

During argument on the partial motion to dismiss, plaintiff raised an issue that previously had not been addressed by either party; namely, whether the defective certification section of the Contract Disputes Act, 41 U.S.C. § 605(c)(6), provides this court an additional basis for the exercise of this court's jurisdiction over plaintiff's claim for the outstanding contract balance. Plaintiff's counsel advised that defendant had been notified of this new theory, but did not object to the issue being raised for the first time at oral argument. Plaintiff then requested briefing on this issue, and defendant expressed the need to file a response. **The parties agreed to the following schedule regarding briefing on 41 U.S.C. § 605(c)(6):**

1. **Plaintiff shall file a supplemental brief no later than Wednesday, March 14, 2007.**

2. **Defendant shall file a response no later than Monday, March 26, 2007.**

3. **Plaintiff may file a reply no later than Monday, April 2, 2007.**

Motion in Limine

Rather than seek to exclude all or specific portions of plaintiff's expert's report because it runs afoul of Federal Rules of Evidence 702 and 703, defendant's motion in limine requests that

the court render findings of fact and conclusions of law with respect to the underlying contract at issue in this case. In essence, defendant uses its motion as a vehicle to obtain partial summary judgment. Although the court agrees with the defendant that the ruling in White Mountain Apache Tribe of Arizona v. United States, 10 C. Ct. 115 (1986), confirms the use of a motion in limine to narrow certain discrete legal issues before trial, that approach is not appropriate here. Here, in contrast to the facts of White Mountain, this court is not presented with an expert report that utilizes a methodology to calculate damages which is clearly contrary to law. Simply put, defendant seeks to apply the holding in White Mountain in an overly broad fashion.

If defendant seeks summary judgment on various issues of contract interpretation, then it must frame those issues in a Rule 56[1] motion to permit plaintiff to address them head-on. By doing so, the court will be better positioned to address the parties' respective legal theories. Defendant concurred with this approach and advised that it would have discussions with plaintiff before filing the motion. Because defendant indicated that it required additional time to determine the breadth of its Rule 56 motion, no deadline for the filing of defendant's dispositive motion will be set. The court is confident that defendant will move forward as soon as practicable.

**Accordingly, the court DENIES without prejudice with a right to renew defendant's motion in limine.**

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

[1] Rule 56 refers to the Rules of the United States Court of Federal Claims.