UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **ROXCO, LTD.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **No. 02-176** |
| | ) | **(Judge Sweeney)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant** | ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF**
**REGARDING 41 U.S.C. §605(c)(6) JURISDICTION**

## Introduction

In its March 5, 2007 Order, this Court directed the plaintiff to submit a supplemental brief on the issue of the Court's jurisdiction over the contract balance claim under 41 U.S.C. §605(c)(6). The reason for the Order was Roxco's assertion at oral argument of a jurisdictional argument not previously developed by Roxco in its original responsive brief to the government's motion to dismiss the contract balance claim.

## Placeway

Roxco's original brief explained that pursuant to Placeway Construction Corporation vs. United States, 920 F.2d 903 (Fed. Cir. 1990), the absence of a certified claim on the specific issue of the contract balance does not affect this Court's jurisdiction because jurisdiction is founded in the first instance on the basis of an appeal by Roxco of a final decision by the Contracting Officer relating to the government's claim for liquidated damages. As part and parcel of that decision, the Contracting Officer (1) found that a contract balance existed, (2)

determined the amount of the contract balance, and (3) determined the disposition of the contract balance.[1]

The Government's position is that the absence of a certified claim on the specific issue of the contract balance requires dismissal of the contract balance portion of the overall claim. The point made by Roxco at oral argument, and the subject of this supplemental brief, is that even if it is determined that a separate certified claim on the specific issue of the contract balance is required, the absence of such a certification at the time the Government filed its motion is not a jurisdictional bar, and dismissal of the contract balance claim is not warranted or appropriate. Instead, a finding that a certified claim is necessary would merely translate to a requirement that the contract balance claim be certified before a final judgment on the claim can be entered in this Court.

**Engineered Demolition and Section 605(c)(6)**

In Engineered Demolition, Inc. v. United States, 60 Fed.Cl. 822 (2004), this Court, Judge Lettow presiding, mapped the contours of the certified claim requirement. The opinion in Engineered Demolition is an exhaustive examination of the 1992 amendment to 41 U.S.C. §605(c). The amendment added subsection (c)(6). Section 605(c)(6) now provides as follows:

> The contracting officer shall have no obligation to render a final decision on any claim of more than $100,000 that is not certified in accordance with paragraph (1) if, within 60 days after receipt of the claim, the contracting officer notifies the contractor in writing of the reasons why any attempted certification was found to be defective. A defect in the certification of a claim shall not deprive a court or an agency board of contract appeals of jurisdiction over that claim. Prior to the entry of a final judgment by a court or a decision

[1] The Contracting Officer's ruling was contained in the second of her two memoranda issued on May 15, 2003. Both memoranda were attached to Roxco's First Amended Complaint and the second is attached to Roxco's original response to the present motion. The memorandum dedicated to the contract balance was not denominated a "Final Decision", but, as was shown in Roxco's original brief, it was a final decision in substance.

> by an agency board of contract appeals, the court or agency board shall require a defective certification to be corrected. (emphasis added)

The first proposed version of subsection 605(c)(6) provided that only "technical" defects were correctable. Pursuant to that first draft, any other defect in the certified claim required dismissal of the claim which was consistent with the general statute as it existed at the time. The general statute required a certified claim, and Courts considered the certified claim requirement to be jurisdictional. The final language of the subsection (c)(6), however, removed the limiting modifier, "technical", and simply addresses defects without any stated limitation. The net effect of the amendment, as explained in Engineered Demolition, is the removal of most of the jurisdictional barrier the general section had previously constructed.

In Engineered Demolition there were two contractor claims that totaled more than $100,000, yet neither claim was certified. The contractor's failure to submit a certified claim was, apparently, a result of its belief that none was necessary because neither of the separate claims alone exceeded the $100,000 threshold. Because of the absence of a certified claim, the Government filed a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. The Government's argument was that a missing certification is not a mere "defect in the certification" within the meaning of section 605(c)(6), and that a jurisdictional dismissal for failure to follow the certification requirement should be entered. The Court determined that the Government was wrong and denied the motion.

After examining the Congressional history of the 1992 amendment, the Engineered Demolition Court explained that section 605(c)(6) was amended because the previous version of the statute was needlessly restrictive and operated punitively against contractors. The point was driven home by testimony from Judge Loren A. Smith who, at the time, was the Chief Judge for the U.S. Claims Court. Judge Smith addressed the harshness of the existing certified claim

requirement and testified that "[t]he judges of the court felt . . . that we had a moral obligation to bring to Congress our concern that we are wasting people's resources." (ellipsis in original) *Id*. at 827.

The Engineered Demolition Court focused on the extent of the jurisdictional function of the certified claim requirement. The Court recognized that the purpose of the amendment was to limit the jurisdictional bar of the requirement so that the section operated as a jurisdictional bar only to those "claim[s] afflicted with a substantive defect, such as bad faith, fraud, or reckless and intentional disregard of the statutory certification requirements." *Id.* at 829. The Court determined that the absence of a certified claim in the case before it was not due to any of those reasons, and held that the absence of a certified claim was not, therefore, a jurisdictional bar.

The substantive teaching of Engineered Demolition is that even the total absence of a certified claim is a curable and non-jurisdictional circumstance unless the absence is the result of "bad faith, fraud, or reckless and intentional disregard of the statutory certification requirements." Ultimately, the Court held that the contractor's failure to submit a certified claim resulted from a reason other than bad faith, fraud, or disregard of the statute. Accordingly, the Court denied the Government's motion to dismiss and ruled that "[t]he only consequence of the absence of certification in such circumstances would be that the Court would require Engineered Demolition to certify the separate claims before the Court issued its final decision, pursuant to 41 U.S.C. §605(c)(6)." *Id*. at 831.

This principle was followed in Trafalgar House Construction, Inc. v. United States, 73 Fed.Cl. 675, 693 (2006) (defective certification not jurisdictional unless "involving bad faith,

fraud, reckless and intentional disregard of the statutory certification requirements").[2] One other matter is addressed by both Engineered Demolition and Trafalgar. Federal Acquisition Regulation §33.201 provides, in part, that "failure to certify shall not be deemed to be a defective certification." Both Engineered Demolition, *supra*, at 829, and Trafalgar, *supra*, at 693 recognized that FAR §33.201 is contrary to the statute and is entitled to no deference.

In the present case there is no dispute about the reason Roxco did not originally file a separate certified claim for the contract balance. The existence of a contract balance was not determined, and could not have been determined, until the Contracting Officer issued her Final Decision on liquidated damages on May 15, 2003. The existence, *vel non*, of a contract balance and the amount thereof necessarily depended on a prior determination by the Contracting Officer of the existence and amount of any liquidated damages. It is no coincidence that the separate

---

[2] There are two earlier, distinguishable Federal Claims Court cases that need to be addressed. The first is Hamza v. U.S., 31 Fed.Cl. 315 (1994). In Hamza the contractor submitted no certified claim of any nature to a Contracting Officer. Under this circumstance the Court determined that the contractor had purposely ignored the statute and no cure was permissible. Hamza is clearly different from the present case where Roxco diligently followed the statute to the extent it knew of claims. The contract balance claim arose well after the original action had been commenced. Hamza has no application to the present case. The second case is Scan-Tech Security v. U.S., 46 Fed.Cl. 326 (2000). In Scan-Tech the contractor also made no attempt to submit any claim to the Contracting Officer. As in Hamza, the contractor first announced its claim in the form of a Complaint filed directly with the Court. The Scan-Tech Court reached the same result as the Hamza Court. The Court noted that it granted the Government's dismissal motion to prevent a contractor from going to court without certifying under oath that the claim is not fraudulent. That is simply not an issue in the present case. Roxco learned of the contract balance resolution from the Contracting Officer. Roxco's claim is fundamentally different from a claim that has never been examined at all by a Contracting Officer. During the litigation of Scan-Tech the contractor attempted to submit a certified claim directly to the Court. The Court rejected the attempt, and in dicta stated that because the matter was in litigation the contractor could not have even submitted a certified claim to the Contracting Officer. This dicta should not be a factor here. Nothing but delay will be accomplished if Roxco's claim for the contract balance is dismissed. Lastly, the Scan-Tech Court relied on FAR §33.201 to reach its decision. As shown in Engineered Demolition, a later decided case, FAR §33.201 is contrary to 41 U.S.C. §605(c)(6) and is therefore not authoritative.

decisions finding the existence of, and amounts of, both the liquidated damages and the contract balance were handed down by the Contracting Officer on the same day.

The present action was well underway when the existence of the contract balance was revealed on May 15, 2003. In Roxco's view, the contract balance is properly a part of the liquidated damages calculation and Roxco's appeal from the Contracting Officer's final decision on liquidated damages. Upon learning of the contract balance and its amount, Roxco promptly amended its demand for relief in this action through its First Amended Complaint which specifically sought recovery of the contract balance and included Roxco's appeal of the liquidated damage decision. See Roxco's First Amended Complaint, Counts II and IV.

Regardless of the history of the process of the contract balance claim, no one has suggested that Roxco did not file a certified claim for the contract balance because of fraud, bad faith, or an intentional disregard of the statute. Throughout this proceeding, and throughout the Contracting Officer's decisional process, Roxco has behaved forthrightly and with a purpose to move this matter to a conclusion. Roxco has even submitted a provisional certified claim for the contract balance to the Contracting Officer.[3] The provisional certified claim was submitted as a precautionary response to the Government's motion. The provisional certified claim was submitted on December 5, 2006. The Contracting Officer has not responded.

**Alternatives**

If this Court concludes that the present status of the Roxco's demand in this Court for the contract balance claim is defective, Roxco respectfully contends that dismissal of the claim would be error. In the event the Court rejects Roxco's argument that the Contracting Officer's decision on the contract balance was effectively a Final Decision appealable in its own right, the

[3] A copy of Roxco's provisional certified claim for the contract balance dated December 5, 2006, is attached as Exhibit 1 to Roxco's Response to Defendant's Partial Motion to Dismiss.

Court still has options available to it which would not significantly retard the progress of this action toward conclusion. The most direct option is for the Court to simply act in accordance with 41 U.S.C. §605 with regard to Roxco's provisional certified claim. 41 U.S.C. §605(a)(2) allows the Contracting Officer sixty days in which to issue a decision or notify Roxco of the time within which the decision will be issued. 41 U.S.C. §605(a)(5) provides that if the Contracting Officer fails to issue a decision or otherwise notify the contractor as provided by subsection (a)(2), such failure will be deemed a denial of the claim and an appeal may proceed. More than sixty (60) days have elapsed since Roxco submitted its provisional certified claim. The Contracting Officer has done nothing. Accordingly, Roxco may proceed with an appeal of that denial. The Court should consider the present appeal as the appeal of the denial of the provisional certified claim and proceed without pause.

Alternatively, the Court could direct the Contracting Officer to render a Final Decision on the contract balance claim within a specified time. In either of these alternative courses of action, Roxco's pleadings in this action should be considered as the existent appeal of a denial of the contract balance claim. If necessary, Roxco's pleadings could be amended to present a "new" appeal of the "new" denial.

## **Conclusion**

The Government's jurisdictional challenge should be rejected for the reasons assigned by Roxco in its original response to the Government's motion. If the Court should conclude that Roxco's claim for the contract balance is presently defective, any deficiency is easily curable as outlined above. The Government's motion should be denied outright. In the alternative, Roxco

should be permitted to cure any defect on a *post hoc* basis and this action should proceed to trial without further delay.

Dated: March 13, 2007.

Respectfully submitted,

**ROXCO, LTD**

by: /s/ E. Stephen Williams___
E. Stephen Williams
Mississippi State Bar #7223

YoungWilliams P.A.
2000 AmSouth Plaza
Post Office Box 23059
Jackson, Mississippi 39225-3059
Telephone: (601)948-6100
Facsimile: (601)355-6136
steve.williams@youngwilliams.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March, 2007, a copy of the foregoing Plaintiff's Supplemental Brief Regarding 41 U.S.C. §605(C)(6) Jurisdiction was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED: March 13, 2007.

____/s/ E. Stephen Williams_____