IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROXCO, LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-176C |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF ADDRESSING 41 U.S.C. § 605(c)(6)

Pursuant to the Court's March 5, 2007 order, defendant respectfully respond to Roxco, Ltd. ("Roxco") March 13, 2007 supplemental brief addressing 41 U.S.C. § 605(c)(6).

## ARGUMENT

### 41 U.S.C. § 605(c)(6) Has No Possible Bearing Upon The Court's Jurisdiction To Entertain Roxo's Contract Balance Claim

As we demonstrated in our moving brief, because Roxco cannot meet its burden to establish that it submitted a claim for the contract balance claim to the contracting officer, the Court lacks jurisdiction to entertain such a claim. The fact that 41 U.S.C. § 605(c)(6) now provides for a cure for defective certification of contractor claims preciously submitted to a contracting officer does not in any way suggest that Roxco can proceed with its contractor claim, given its failure to submit this claim to the contracting officer. Section 605(c)(6) underscores the fact that a contractor's submission of its claim to the contracting officer constitutes a necessary jurisdictional prerequisite to a suit in this

Court for all claims against the Government.

As we demonstrated in our moving brief, the Contract Disputes Act ("CDA") requires that "all claims against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision." 41 U.S.C. § 605(a). In addition, "[a]ll claims by the government against the contractor relating to the contract shall be the subject of a decision by a contracting officer." Id. A claim must give "a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." Contract Cleaning Maintenance, Inc. v. United States, 811 F.2d 586, 592 (Fed. Cir. 1987). In the absence of a claim to the contracting officer clearly and unequivocally stating a claim, this Court lacks jurisdiction to entertain a claim pursuant to the CDA. Reliance Ins. Co. v. United States, 931 F.2d 863, 866 (Fed. Cir. 1991).

As we further demonstrated in our moving brief, the contracting officer's May 15, 2003 final decision determined that Roxco, as the prime contractor responsible for the performance of the contract, was indebted to the Government in the amount of $909,791 for liquidated damages in accordance with contract clause F-20, entitled "Liquidated Damages," 48 C.F.R. 52.211-12 (APR1984). At the same time, the contracting officer's May 15, 2003 "demand letter" informed Roxco how to request deferment of collection or payment of the Government's claim for liquidated damages, how to make payment for the liquidated damages, and the fact that the liquidated damages would accrue interest in accordance with contract clause I-403, "Interest (Jan 1991)." The demand letter's

statement that the "remaining balance on the contract of $772,808.63 [was] insufficient," and how that amount would be "retained and applied against the liquidated damages," did not address Roxco's or the surety's right to the immediate payment of the contract balance -- only that the balance would be "retained and applied against the liquidated damages." In contrast to Placeway, the contracting officer's final decision and demand letter here neither reflected a demand by Roxco for the contract balance, nor analyzed Roxco's or the surety's entitlement to the contract balance.

As we further demonstrated in our reply brief, because Roxco's has claimed entitlement to the contract balance in this action, the contracting officer now lacks authority to issue a final decision on what Roxco characterizes as "provisional claim" for the contract balance, pursuant to the established rule that "[o]nce a claim is in litigation, the Department of Justice gains exclusive authority to act in the pending litigation." Sharman Co. v. United States, 2 F.3d 1564, 1571 (Fed. Cir. 1993). See also 28 U.S.C. §§ 516-520; Witherington Constr. Corp. v. United States, 45 Fed. Cl. 208, 211-12 (1999); Durable Metal Products, Inc. v. United States, 21 Cl. Ct. 41, 46 (1990). Roxco fails to respond to our demonstration that its initiation of this litigation for the contract balance, even though jurisdictionally defective under the CDA, currently divests the

contracting officer of any authority to resolve this new "provisional" claim for the contract balance. Sharman Co., 2 F.3d at 1570-71.

Subsection 605(c)(6) solely provides a means for a contractor to cure a defect in its certification of a contractor claim against the Government while litigation is pending, and does not cure Roxco's failure to submit a claim. Subsection 605(c)(6) does not modify the specific requirement of subsection 605(a) ( "all claims against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision."). 41 U.S.C. § 605(a). Roxco has not submitted a claim to the contracting officer, as subsection 605(a) specifically requires for "all claims against the government relating to a contract," and the provisions of subsection 605(c)(6), thus, have no possible application.

## CONCLUSION

For the reasons set forth in our prior briefs and above, the Court should dismiss that portion of Roxco's amended complaint that seeks the outstanding contract balance of in the amount of $772,808.03.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

BRIAN M. SIMKIN
Assistant Director

/s/ John S. Groat
JOHN S. GROAT
Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-8260
Fax (202) 514-7965
jack.groat@usdoj.gov

Of Counsel:

Bryan O'Boyle
Senior Trial Attorney
Air Force Legal Services Agency

March 23, 2007