**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ROXCO, LTD.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **No. 02-176** |
| | ) | **(Judge Sweeney)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant** | ) | |

**PLAINTIFF'S SUPPLEMENTAL REPLY BRIEF**
**REGARDING 41 U.S.C. §605(c)(6) JURISDICTION**

**Introduction**

By order dated March 5, 2007, the Court directed the parties to submit supplemental briefs on the issue of the Court's jurisdiction over the contract balance claim under 41 U.S.C. §605(c)(6). This brief is Roxco's Reply to the Government's Response Brief dated March 23, 2007.

**Failure to Respond**

The Government has failed totally to respond to the 41 U.S.C. §605(c)(6) *post hoc* certification argument. With respect to §605(c)(6) the Government says, in effect, that the statutory cure for a defective certification is, in fact, no cure. Neither case cited by the Government, addresses the *post hoc* certification argument. Indeed, both Contract Cleaning

Maintenance, Inc. v. United States, 811 F.2d 586 (Fed. Cir. 1987) and Reliance Ins. Co. v United States, 931 F.2d 863 (Fed. Cir. 1991) pre-date the 1992 amendment to 41 U.S.C. §605(c).

More telling is the Government's complete failure to address the authority of either Engineered Demolition, Inc. v. United States, 60 Fed.Cl. 822 (2004), or Trafalgar House Construction, Inc. v. United States, 73 Fed.Cl. 675, 693 (2006). Roxco will not repeat the Engineered Demolition and Travalgar arguments. Suffice it to say that the Government's silence speaks volumes.

Additionally, the Government does not dispute that the initial lack of a certified claim for the contract balance was **not** the result of "bad faith, fraud, or reckless and intentional disregard of the statutory certification requirements" on Roxco's part. Nor does the Government dispute that the reason Roxco did not originally file a separate certified claim for the contract balance was that the existence of a contract balance was not determined, and could not have been determined, until the Contracting Officer issued her Final Decision on liquidated damages on May 15, 2003.

**Form Over Substance**

Instead of addressing the *post hoc* certification argument, the Government argues for a result which will continue to waste not only Roxco's resources, but those of the Court. It argues that since no proper contract balance claim was ever made by Roxco to the Contracting Officer[1], such a claim is now exclusively in the hands of the Justice Department citing Sharman Co. v. United States, 2 F.3d 1564, 1571 (Fed. Cir. 1993), a veritable catch 22 for Roxco and the Court.

[1] If a claim for the contract balance is not a part of Roxco's original certified claim as the Government contends, then it is a separate and distinct claim which is not in the hands of the Justice Department by virtue of this litigation and which can be submitted separately to the Contracting Officer as provided in the Contract Disputes Act. See, e.g., Case, Inc. v. United States, 88 F.3d 1004, 1010-1011 (Fed. Cir. 1996).

However, Sharman does not support the Government's argument in this case since the Sharman holding presupposes that the "same claim" is already in litigation.

In Sharman, the Federal Circuit Court of Appeals essentially held that the Court of Federal Claims lacked jurisdiction over the government's counterclaim for the return of progress-payments and the contractor's mirror image claim in its original complaint inasmuch as there was no final decision on such claim prior to commencement of the contractor's law suit. Although the contracting officer issued a letter styled as a "final decision" demanding the return of progress payments, the contractor had previously filed suit claiming entitlement to the same progress payments. The Court concluded that the 2 claims were the "same claim" and the lawsuit was premature since it lacked a prior final decision.[2] 2 F.3d at 1570.

In the present case, Roxco made no specific claim to the contract balance until **after** the Contracting Officer issued the Court-compelled final decision[3] on liquidated damages along with the her concurrent finding of the existence of the contract balance. The Justice Department, therefore, did not obtain "authority" over those claims until Roxco amended its complaint **following** the Contracting Officer's final decision in order to appeal that final decision and to seek recovery of the contract balance.

---

[2] Although certification of the claim was not addressed, it is interesting that the facts of the Sharman decision also predate the 1992 amendment to 41 U.S.C. §605(c). Arguably, the Sharman Court could now allow *post hoc* certification. See discussion, 2 F.3d at 1569.

[3] The Government initially filed its liquidated damages counterclaim in this case on June 10, 2002, without the benefit of a contracting officer final decision. See Defendant's Motion to Voluntarily Dismiss Counterclaim Without Prejudice, dated August 27, 2002. Roxco opposed the motion for, among other reasons, the lack of discovery relating to any contract balance or possible assessment of the same liquidated damages against the completion surety. See Roxco's Response to Defendant's Request for Voluntary Dismissal of Counterclaim, dated September 10, 2002. The Court ordered on January 8, 2003, that this action be stayed pending a final decision by the Contracting Officer on liquidated damages. See also, the Court's Order dated May 5, 2003.

## **Placeway**

Alternatively, it can be argued that the "authority" of the Justice Department to act on the contract balance claim vested with the Government's own counterclaim for liquidated damages. At that point, we encounter the Placeway principle[4] that the absence of a certified claim on the specific issue of the contract balance does not affect this Court's jurisdiction because jurisdiction is founded in the first instance on the basis of an appeal by Roxco of the final decision by the Contracting Officer relating to the government's claim for liquidated damages. As part and parcel of that decision, the Contracting Officer (1) found that a contract balance existed, (2) determined the amount of the contract balance, and (3) determined the disposition of the contract balance.

The Government's position is that the absence of a certified claim on the specific issue of the contract balance requires dismissal of the contract balance portion of the overall claim. The point made by Roxco at oral argument, and the subject of this supplemental brief, is that even if it is determined that a separate certified claim on the specific issue of the contract balance is required, the absence of such a certification at the time the Government filed its motion is not a jurisdictional bar, and dismissal of the contract balance claim is not warranted or appropriate. Instead, a finding that a certified claim is necessary would merely translate to a requirement that the contract balance claim be certified before a final judgment on the claim can be entered in this Court.

## **Conclusion**

The Government's jurisdictional challenge should be rejected for the reasons assigned by Roxco in its original response to the Government's motion. If the Court should conclude that

---

[4] Placeway Construction Corporation vs. United States, 920 F.2d 903 (Fed. Cir. 1990).

Roxco's claim for the contract balance is presently defective, any deficiency is easily cured by the Supplemental Certified Claim submitted by Roxco regarding the contract balance. The Government's motion should be denied outright. In the alternative, Roxco should be permitted to cure any defect on a *post hoc* basis and this action should proceed to trial without further delay.

Dated: March 29, 2007.

Respectfully submitted,

**ROXCO, LTD**

by: /s/ E. Stephen Williams___
E. Stephen Williams
Mississippi State Bar #7223

YoungWilliams P.A.
2000 AmSouth Plaza
Post Office Box 23059
Jackson, Mississippi 39225-3059
Telephone: (601)948-6100
Facsimile: (601)355-6136
steve.williams@youngwilliams.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of March, 2007, a copy of the foregoing Plaintiff's Supplemental Reply Brief Regarding 41 U.S.C. §605(C)(6) Jurisdiction was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED: March 29, 2007.

____/s/ E. Stephen Williams_____