**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ROXCO, LTD.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **No. 02-176** |
| | ) | **(Judge Sweeney)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant** | ) | |

**ROXCO'S MOTION FOR COMPLETE OR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM AND FOR OTHER RELIEF**

The Plaintiff, Roxco, Ltd. ("Roxco") moves the Court pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC") for Summary Judgment and Dismissal of the Counterclaim of the Defendant or, in the alternative, for Partial Summary Judgment on the Counterclaim expressly limiting the Defendant's Counterclaim to the principal amount of not more than $136,982.37. Roxco seeks additional relief in the form of directives to the Defendant requiring the release to Roxco of funds due it under a separate lawful judgment in its favor in the Court of Federal Claims. The undisputed facts and law supporting this motion are set out below.

**I. The Liquidated Damage Counterclaim.**

The procedural history of this case is fully recounted in this Court's decisions dated March 29, 2004 and June 20, 2007, and reported at 60 Fed.Cl. 39 ("Roxco I") and __ Fed.Cl. ___, 2007 WL 1805167 ("Roxco II"). On October 20, 2003, the Defendant asserted a counterclaim seeking liquidated damages from Roxco in the amount of $909,791.00.[1]

[1] As noted by the Court in Roxco II, the Defendant first asserted its counterclaim on June 10, 2002, but sought a voluntary dismissal of the counterclaim since no final decision was issued by the Contracting Officer ("CO") on the liquidated damage issue before the counterclaim was filed.

**II. <u>Contract Balance Set-off.</u>**

The Defendant's Counterclaim is based upon a May 15, 2003, memorandum of the CO which was denominated as "Final Decision." The Final Decision was accompanied by a "Demand Letter" on the same date which concluded that a contract balance of $772,808.63 existed and that the contract balance would be disposed of as a set-off against the liquidated damages claimed by the Defendant.[2]

**III. <u>The May 15, 2003 Final Decision and Demand Letter are One.</u>**

In Roxco II, this Court held, in part, as follows:

> "Applying the rule in <u>Placeway</u>, this Court finds that the Demand Letter and Final Decision constitute one document granting a Government claim against Roxco. Just as the May 15, 2003, Final Decision determined explicitly that the Government was entitled to liquidated damages pursuant to the Contract, the CO would not have awarded liquidated damages to the Government unless she also determined Roxco was liable. (Fn. 8. Nothing in either May 15, 2003, document can be construed as an invitation to negotiate. To the contrary, liability was determined and damages fixed, including the use of the Contract Balance as an off-set to the Government's damages.) Liability is the predicate for damages. Similarly, the May 15, 2003 Demand Letter was predicated on Roxco's liability because the CO decided that neither Roxco nor its surety was entitled to the Contract Balance. Consequently, both May 15, 2003 documents must be read together as a "final decision" because, combined, the documents determine liability and damages. Finally, similar to <u>Placeway</u>, the CO's decision to set-off the damages against the Contract Balance was adverse to Roxco; thus, Roxco properly appealed these adverse decisions to this Court." Roxco II, Page 14.

Contrary to the amounts claimed by the Defendant in its counterclaim, the alleged damages fixed by the CO's set-off of the Contract Balance against the liquidated damages results in a net amount of no more than $136,982.37 ($909,791.00 - $772,808.63 = $136,982.37). Based upon this Court's determination in Roxco II, as a matter of law, the Defendant can claim

[2] These facts are recited in Roxco II, at Page 4 of this Court's Opinion and Order. There, the Court (and Roxco in this motion and brief) referred to the two May 15, 2003 memoranda of the CO as "Final Decision" and "Demand Letter".

no more than the difference between the liquidated damage decision and the Contract Balance which the CO determined to set-off against the liquidated damages.

Accordingly, Roxco respectfully requests that this Court will at least enter a Partial Summary Judgment adjudicating that the Defendant has no right to claim liquidated damages in excess of $136,982.37. This determination should, of course, be subject to Roxco's continued right to contest both the factual basis and the legal entitlement of the Defendant's counterclaim for liquidated damages and Roxco's right to seek recovery of the Contract Balance.[3]

**IV. <u>The Warner Robins Contract.</u>**

On January 26, 2006, the United States Court of Federal Claims rendered a final judgment in Cause No. 04-1680C, "Roxco, Ltd. v The United States," that Roxco recover the sum of $210,000.00 from the United States Government plus Contract Disputes Act interest from and after March 4, 2004. The Roxco claim in that case and the resulting judgment in its favor resulted from a contract balance due to Roxco on an Air Force contract at Warner Robins AFB in Georgia. See Appendix, Exhibit 1 ("Warner Robins Judgment"). On or about February 7, 2006, the Justice Department attorneys representing the Defendant in connection with the Warner Robins case issued a Judgment Fund Transmittal document, FMS Form 194, to the Department of the Treasury with respect to the Warner Robins Judgment. See Appendix, Exhibit 2 ("JD Transmittal Letter").

A review of the JD Transmittal Letter indicates that although the Government acknowledged the Warner Robins Judgment in favor of Roxco, it nevertheless claimed a debt set-off against the Judgment in the amount of $909,791.00 for the liquidated damages at the

[3] As the Court held in Roxco II, Roxco has properly appealed the combined adverse decisions of the CO concerning liquidated damages and contract balance to this Court. Further, Roxco's consultant has determined that the correct outstanding contract balance is $760,997.00. Roxco II, Page 14.

Barksdale project, such set off allegedly made pursuant to 31 U.S.C. § 3728.[4] The JD Transmittal Letter includes as an exhibit a memorandum dated January 17, 2006, from an Air Force official which states, in part:

> "Roxco, Ltd. will receive a settlement judgment in its favor in the amount (sic) $210,000 plus interest in U.S. Court of Federal Claims (COFC) 04-1680C that arises from Construction Contract No. F09650-95-C-0378 at Robbins (sic) AFB, GA. Roxco, Ltd. is indebted to the United States under Construction Contract No. F16602-95-C-0013 at Barksdale AFB, LA, that is presently pending litigation in COFC Case No. 02-176C. Mr. Jack Groat is the Dept. of Justice attorney for COFC 02-176C.
>
> We are requesting that $210,000 amount due to Roxco, Ltd. under Contract No. F09650-95-C-0378 in COFC Case No. 04-1680C to be off-set against our Government claim that arises under Contract No. F16602-95-C-0013 that is pending in COFC Case No. 02-176C."

A copy of the January 17, 2006, memorandum is shown as being delivered to Mr. Bryan O'Boyle, one of the attorneys who appear of counsel for the Defendant in the present case. Ostensibly, therefore, counsel for the Defendant in the present case are aware of the Government's claim to set-off the alleged liquidated damages against the lawful judgment in favor of Roxco in the Warner Robins case. The Government now claims as set off the Contract Balance at Barksdale ($772,808.63) and the Warner Robins Judgment ($210,000.00), or a total of $982,808.63, an amount which exceeds any claimed indebtedness of Roxco for liquidated

---

[4] The statute provides:
**(a)** The Secretary of the Treasury shall withhold paying that part of a judgment against the United States Government presented to the Secretary that is equal to a debt the plaintiff owes the Government.
**(b)** The Secretary shall--
**(1)** discharge the debt if the plaintiff agrees to the setoff and discharges a part of the judgment equal to the debt; or
**(2)(A)** withhold payment of an additional amount the Secretary decides will cover legal costs of bringing a civil action for the debt if the plaintiff denies the debt or does not agree to the setoff; and **(B)** have a civil action brought if one has not already been brought.
**(c)** If the Government loses a civil action to recover a debt or recovers less than the amount the Secretary withholds under this section, the Secretary shall pay the plaintiff the balance and interest of 6 percent for the time the money is withheld.

damages at Barksdale. The excessive difference should be an amount admittedly due to Roxco under the Warner Robins Judgment. See, e.g., Project Map, Inc. v. United States, 486 F.2d 1375 (Ct.Cl. 1973).

Following the Defendant's added set-off claim against the Warner Robins Judgment under 31 U.S.C. § 3728, by letter dated February 23, 2006, Roxco requested payment of the Warner Robins Judgment and denied the alleged debt to the Air Force for the liquidated damage set-off. See Appendix Exhibit 3 ("Request for Judgment Payment"). In its Request for Judgment Payment, Roxco also pointed out to the Judgment Fund Group the CO's prior decision to set-off the Barksdale Contract Balance against the alleged liquidated damages. Id.

Answering Roxco's Request for Judgment Payment and without acknowledging the previous set off of the Barksdale Contract Balance, the Government responded by letter dated March 9, 2006, indicating that it would continue to withhold payment of the Warner Robins Judgment and any portion thereof pending the results of this litigation. See Appendix, Exhibit 4.

**V. Liquidated Damages Applied as Punishment.**

As argued above, the Government is entitled to claim **no more** than $136,982.37 as its damages in the counterclaim in this case. Its assertion against the Warner Robins Judgment of a $900,000 set-off without giving credit for the Contract Balance previously set off by the CO is unjustified and punitive on its face.

As noted in previous pleadings filed by the Defendant in this case, the Department of Justice has the right and obligation to control matters on behalf of the Government pending in the Court of Federal Claims. See, Hughes Aircraft Co. v United States, 209 Ct.Cl. 446, 465 (1976). Good faith and fair dealing requires that the Justice Department attorneys not seek more in the

Defendant's counterclaim than the net amount of liquidated damages after the CO's previous offset of the Contract Balance.

Additionally, liquidated damages may not be enforced against a contractor as a penalty. See, Safeco Credit v. U.S., 44 Fed.Cl. 406, 412 (1999); Troise v. U.S., 21 Cl.Ct. 48, 69 (1990). Here, the Defendant seeks to enforce a liquidated damage claim having no bearing to the CO's determination of actual damages or applying her previous set off determination with respect to the Barksdale Contract Balance. If the Contract Balance is set off against the alleged liquidated damages, then the Government's actual damage figure can be no more than the net difference, or $136, 982.37. To seek more than this net difference is disproportionate to the Government's alleged loss and oppressive to Roxco.

The Government's overstatement of its liquidated damage claim against Roxco in order to prevent Roxco's collection of a lawful judgment in a separate action contains an "element of deception or exorbitance" which should result in a cancellation of the Defendant's counterclaim for liquidated damages altogether. See, Maryland Dredging and Contracting Co. v. United States, 241 U.S. 184, 190 (1916).

Based upon the undisputed facts, Roxco respectfully requests that the Court will enter summary judgment in its favor on the Defendant's counterclaim and dismiss the counterclaim with prejudice. In the alternative, Roxco respectfully requests that the Court enter its order directing counsel for Defendant to immediately withdraw its claim for set-off against the Warner Robins Judgment or to limit appropriately its set-off claim to the net amount of the CO's Final Decision after applying the Contract Balance.

**V. Conclusion.**

For the reasons set forth above, Roxco prays for the following relief:

1. A partial summary judgment on the Defendant's counterclaim limiting the Defendant's counterclaim to a principal amount which does not exceed $136,982.37 and preserving Roxco's right to contest the factual determination of said liquidated damages and the Contract Balance and entitlement to either;

2. In the alternative, a Summary Judgment dismissing the Defendant's counterclaim in its entirety based upon the Government's inappropriate and exorbitant set-off claim against the Warner Robins Judgment; and

3. In the alternative, directing the Defendant to withdraw and/or correct its debt set-off claim against the Warner Robins Judgment under 31 U.S.C. § 3728.

Dated: July 12, 2007.

Respectfully submitted,

ROXCO, LTD
PLAINTIFF

by: _/s/ E. Stephen Williams___________
E. Stephen Williams, Its Attorney

YoungWilliams, P.A.
2000 AmSouth Plaza
Post Office Box 23059
Jackson, Mississippi 39225-3059
Telephone: (601)948-6100
Facsimile: (601)355-6136
steve.williams@youngwilliams.com

**APPENDIX**

| | |
|---|---|
| Exhibit 1 | Warner Robins Judgment<br>January 24, 2006 |
| Exhibit 2 | JD Transmittal Letter<br>February 7, 2006 |
| Exhibit 3 | Request for Judgment Payment<br>February 23, 2006 |
| Exhibit 4 | Department of Treasury Letter<br>March 9, 2006 |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of July, 2007, a copy of the foregoing Roxco's Motion for Partial Summary Judgment on Counterclaim and for Other Relief was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED: July 12, 2007.

____/s/ E. Stephen Williams_____