IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROXCO, LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-176C |
| | ) | (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STAY BRIEFING ON PLAINTIFF'S MOTION FOR COMPLETE OR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM AND FOR OTHER RELIEF

Defendant, the United States, pursuant to RCFC 1, respectfully requests that the Court stay the briefing schedule regarding the Government's response to Plaintiff's Motion For Complete Or Partial Summary Judgment On Counterclaim And For Other Relief. The Government's response should be stayed because, (1) plaintiff has not complied with RCFC 56(h)(1), (2) as currently formulated, resolving plaintiff's motion without deciding the remaining triable issues will prolong rather than aid in the speedy resolution of this case, and, (3) delaying our response will most likely moot plaintiff's motion.

BACKGROUND

This Court has already outlined the factual predicate for our motion. See Roxco Ltd. v. United States, 60 Fed. Cl. 39 (2004) (Roxco I), Roxco LTD v United States, 77 Fed. Cl. 138 (2007) (Roxco II). Nonetheless, we will briefly summarize the facts relevant to our motion.

On March 17, 1995, plaintiff, Roxco Ltd. (Roxco) entered

into a contract with the United States acting through the United States Air Force to construct 172 new housing units at Barksdale Air Force Base. Roxco I 60 Fed. Cl. at 40. The original completion date was August 5, 1996. Id. For a variety reasons not germane to our motion, the completion date was finally changed to February 18, 1998. Id. at 41. Roxco did not complete the contract by that date. Id. After Roxco sent the Government a letter stating, in part, that Roxco "irrevocably and voluntarily abandons and terminates the above construction contract effective immediately", id., the Government terminated Roxco for default. Id. Roxco's surety ultimately completed the contract on August 20, 1999. Id. at 42. The surety and the Government however, were unable to enter into a take over agreement. Id. At the time of the surety's performance, there was a contract balance of $772,808.63.[1] To date, neither Roxco nor the surety has submitted an invoice for the remaining contract balance.

On March 7, 2002, plaintiff, Roxco Ltd. (Roxco), filed a complaint seeking, among other things, an equitable adjustment in the amount $7,840,497.40. Roxco II, 77 Fed. Cl at 140. On June, 10, 2002, we filed our "Answer and Counterclaim, seeking liquidated damages in the amount of $909,791. Id. At that time,

[1] According to Roxco, the balance was actually $760,997.00. Roxco does not set forth the basis upon which the figure was derived. See Plaintiff's Brief (Pl. Br). 3 at n3.

the contracting officer had not issued a final decision assessing liquidated damages. Id.

On May 15, 2003, following the voluntary dismissal without prejudice of the counterclaim, the contracting officer issued a final decision assessing liquidated damages in the amount $909,791. Id. The contracting officer, in conjunction with the final decision, issued a demand letter to Roxco requesting immediate payment of the amount specified in the final decision. Plaintiff's Brief Exhibit (Pl. Br. Exh.) 2. In the demand letter, the contracting officer explained the formula she used to derive the stated amount. The formula the contracting officer used in her determination was specified in the contract in section F-20. The contracting officer also stated, in part, that "[i]nasmuch as the remaining balance on the contract of $772,808.63 is insufficient, that amount will be retained and applied against the liquidated damages." Id. She went on to explain that if Roxco did not make payment within 30 days, interest would accrue. Id. Finally, the contracting officer explained how Roxco could seek a deferment of the debt. Id. Roxco has never requested a deferment.

On October 17, 2003, Roxco, in response to the contracting officer's final decision assessing liquidated damages, filed an amended complaint. Id. In Count I of the amended complaint Roxco seeks an equitable adjustment "under the Changes and

Differing Site conditions clauses of the Contract in the amount of $7,840,497.40." Amended complaint (Am. Compl.) ¶ 24. In Count II, Roxco alleges that the Government breached its contract with Roxco entitling Roxco to recover damages in the amount of $7,840,497.40. Id. at ¶¶ 25-28. In Count III, Roxco seeks interest from date of claim submission and upon the contract balance and asserts a claim for litigation costs and attorney fees. Id. at ¶¶ 28-29. In Count IV of the amended complaint, Roxco seeks reversal of the liquidated damages decision because, in part, "[a]ny delays on the project were beyond Roxco's control and without the fault or negligence of Roxco." Id. at ¶ 30. Alternatively, Roxco requests that this Court "award Roxco additional time and/or damages which exceed or offset such liquidated damages." Id. Roxco went on to "demand judgment against the Defendant, United States of America, acting by and through the Department of the Air Force, in the total sum of $8,613,306.03 together with interest and Roxco's reasonable fees and all costs of court." Id.

On January 26, 2006, in an unrelated case, Roxco, Ltd. v. United States, Fed Cl. No. 04-1680, Roxco was awarded $210,000 with interest from March 4, 2004 pursuant to the parties stipulation for entry of judgement. Pl. Br. Exh. 1. Payment was to be made from the Judgment Fund. Pl. Br. Exh. 2. Prior to entry of final judgment, the Air Force requested that the award

be offset against the outstanding Government claim in this case. Pl. Br. Exh. 2. On February 23, 2006, Roxco, through its counsel denied the outstanding Government claim and expressly refused to agree to the offset. Pl. Br. Exh. 3. On March 9, 2006, Kevin McIntyre, a Judgment Fund official, informed Roxco that because Roxco did not consent to the offset, the outstanding debt would have to be reduced to a judgment. Pl. Br. Exh. 4. Mr. McIntyre also informed Roxco's counsel that, "[f the government prevails in the litigation, the amount withheld will be applied to satisfy your debt and the litigation costs. If the government loses the litigation, or recovers less than the amount withheld, we will pay you the balance plus interest." Id.

On July 12, 2007, Roxco filed a motion for Complete Or Partial Summary Judgment On Counterclaim And For Other Relief. Attached to the motion were four exhibits. There was no separate document titled "Proposed Findings of Uncontroverted Fact", setting forth in separate numbered paragraphs all of the material facts upon which Roxco bases its motion. See RCFC(h)(I).

DISCUSSION

Preliminarily, Roxco's motives for its motion are suspect. In the opening paragraph of its motion, Roxco requests that this Court enter summary judgment in its favor upon the Government's counterclaim. Pl. Br. 1. Alternatively, Roxco requests that this Court enter an order limiting the amount that the Government

can collect upon its counterclaim. Id. Finally, Roxco seeks a directive from this Court directing the Government to release any excess funds which the Government has retained in a separate case pending resolution of this case. Id. Presumably, Roxco believes that there are no genuine issues of material fact precluding judgment in its favor as a matter of law. Nevertheless, Roxco further adds that "[t]his determination should, of course, be subject to Roxco's continued right to contest both the factual basis and the legal entitlement of the Defendant's counterclaim for liquidated damages and Roxco's right to seek recovery of the contract balance." Id. at 3 (footnote omitted). Roxco never explains how resolution of this motion will aid in the speedy resolution of this case. Given Roxco's reservation, and the allegations contained in Count I-III, we will still have to litigate every issue in this case. Roxco has presented for itself the ultimate no-lose motion. If the Court were to rule in the Government's favor upon Roxco's motion, Roxco would simply seek to litigate the merits of the claim. If, for what ever reason, Roxco were to prevail in this litigation, then Roxco would receive judgment in its favor without giving us an opportunity to contest any of its underlying factual assumptions, while at the same time forcing us to repeat the evidence we would present in this motion in defending against Counts I-III. As a result, as we expound upon below, resolving Roxco's motion will

not aid in the ultimate resolution of this case.

I. Roxco Has Failed To Comply With RCFC 56(h)(1)

As noted above, Roxco has not complied with RCFC 56(h)(1). Rule 56(h)(1) of the rules of this Court requires, among other things, that the party filing for summary judgment file together with its moving motion, a separate document titled "Proposed Findings of Uncontroverted Fact". The purpose of the rule is for both the non-moving party and the Court to determine if there are genuine issues of material fact. If Roxco had submitted its proposed findings of uncontroverted fact, we could demonstrate in our counter statement that Roxco is materially mistaken as to what has occurred in this case regarding the contracting officer's demand letter. For example, in its motion, Roxco disagrees with the amount of the remaining contract balance. Pl. Br. 3 at n3. Yet, Roxco has not identified the specific factual basis upon which it derived its figure. As a result, we do not know if Roxco's figure is correct. Nor can we challenge the amount if we believe our figure is correct. We should not be required to respond to Roxco's motion until Roxco has complied with the rules of the Court.

II. Roxco Has Misstated The Applicable Legal Standard

Our counterclaim is based upon a liquidated damages assessment.

> "Liquidated damages are properly assessed and awarded unless plaintiff can show that (1)

> defendant caused or contributed to the delay, Southwest Eng'g Co. v. United States, 341 F.2d 998, 1000-01 (8th Cir 1965), or (2) the contract provision providing for the assessment is a penalty. See Robinson v. United States, 261 U.S. 486, 488, 43 s. Ct. 420, 421, 67 L.Ed. 760 (1923).

Mega Construction Company, Inc. v. United States, 29 Fed. Cl. 396, 502 (1993).

Under the first prong, a contractor seeking to avoid liquidated damages must establish both the existence and the extent of excusable delay. Sauer Inc. v. Danzig, 224 F.3d 1340, 1347 (Fed. Cir. 2000); Central Ohio Bldg. Co., PSBCA No. 2742, 92-1 BCA ¶ 24,399. The Government satisfies its initial burden by demonstrating that the number of days by which completion was delayed justifies the amount of liquidated damages imposed. See PCL Constr. Servs., Inc. v. United States, 53 Fed. Cl. 479, 484 (2002). Here, this is a matter of arithmetic, which in its motion, Roxco does not even attempt to challenge. If the contractor offers evidence of excusable delay, which Roxco also does not do, we carry our burden by rebutting it. E.g., Morganti Nat., Inc. v. United States, 49 Fed. Cl. 110, 132-40 (2001), aff'd mem. (Fed. Cir. 2002). As it stands, there is nothing for us to rebut.

In its motion, Roxco does not challenge the Government's assessment of liquidated damages upon its merits. Rather, Roxco relies solely upon the second prong identified in

Mega Construction with its single contention that the assessment constitutes a penalty. The basis for Roxco's contention appears to be its belief that the proposed setoff of the proceeds from an unrelated case constitutes a penalty when the amount to be setoff exceeds the amount in the original demand. "The Government's overstatement of its liquidated damage claim against Roxco in order to prevent Roxco's collection of a lawful judgment in a separate action contains an element of deception or exorbitance" which should result in a cancellation of the Defendant's counterclaim for liquidated damages altogether." Pl. Br. 6 (citing Maryland Dredging and Contracting Co. v. United States, 241 U.S. 184, 190 (1916)). Roxco's virtually unsupported argument, however, does not apply the proper standard to determine if a liquidated damages assessment is in fact a penalty.

> The court must consider two factors to determine whether the provision included in the contract is an enforceable liquidated damages clause. First, the amount so fixed must be a reasonable forecast of just compensation for the harm that is caused by the breach. Second, the harm that is caused by the breach must be one that is incapable or nearly incapable of accurate estimation. . . . [Most importantly] [c]ourts presently look with candor upon provisions that are deliberately entered into between parties, . . . and, therefore, do not look with disfavor upon liquidated damage stipulations.

Mega Construction 29 Fed. Cl at 502. It should be uncontroverted that the assessment was proper. The formula that the contracting

officer used was stated in the contract between the parties. The contract was for the construction of new housing. It is difficult to estimate the actual amount of harm to the Government for delay in the construction. Roxco does not dispute that the formula is a reasonable attempt to estimate the harm.

Because Roxco has not even applied the correct legal standard, it would not be judicially efficient to require Roxco to comply with RCFC 56(h)(1). Moreover, given that Roxco has reserved for itself the right to contest the merits if it does not prevail in its motion, we should move directly to deciding all remaining issues at one time.

## III. There Are Two Materially False Assumptions Underlying Roxco’s Motion

Even if this Court were to apply Roxco’s proposed rule, the uncontroverted facts would show that Roxco’s rule is based upon at least two materially false assumptions - (1) that the Government has effectuated at least a partial set-off and, (2) the amount of the liquidated damages debt is fixed. The falsity of these assumptions undermines the basis for Roxco’s motion.

First, the Government has not yet applied the contract balance to reduce the liquidated damages demand. The contracting officer had stated that the contract balance funds would be retained and applied against the debt balance. Pl. Br. Exh. 2. However, in that statement was the notion that there would be an

invoice submitted for the contract balance.[2] Submission of an invoice is the necessary predicate to accomplishing a set-off. "If a disbursing officer . . . is notified of the debt by the responsible official and has contractor invoices on hand for payment, the disbursing officer shall give the contractor an explanation of the setoff. To the extent that the setoff reduces the debt, the explanation shall replace the demand prescribed in 32.610." 48 C.F.R. § 32.611. To date there has not been an invoice submitted. See Roxco II 77 Fed. Cl. 145 (stating that Roxco knew it had not been paid in full). Nor is there an explanation by the disbursing officer that a setoff has been accomplished. Consequently, there is no basis for Roxco's statement that a partial setoff has already occurred. Accord Citizens Bank v. Strumpf, 516 U.S. 16, 19 (1995) (setting forth the requirements for a valid setoff, including that there must be some action accomplishing a setoff); Applied Companies v. United States, 144 F.3d 1470, 1474 (Fed. Cir. 1998).

Similarly, Roxco's attack upon the withholding of the proceeds from the settlement of Fed. Cl. No. 04-1680 is misplaced. In accordance with 31 U.S.C. § 3728, the Judgment Fund was required to withhold paying the proceeds once the Fund

---

[2] Our discussion of the contract balance is for the purposes of this motion. Because Roxco has made a claim for the outstanding contract balance, we expressly reserve the right to contest Roxco's entitlement in future proceedings.

was presented with the liquidated damages claim. Because Roxco explicitly denied owing the debt, the Fund was required to hold the proceeds until a decision has been reached upon the outstanding debt. 31 U.S.C. § 3728 (b)(2)(A). There has been no judicial decision regarding the Government's counterclaim. The Fund is still statutorily required to withhold the proceeds. Therefore contrary to Roxco's blanket assertion there has been no set-off in this case.

Roxco's second, misstatement is its assertion that the Government has retained an excessive amount from the separate proceeds. As the contracting officer noted in her demand letter "[i]n accordance with the contract clause I-403, FAR, 52.232-17, Interest (Jun 1991), interest will accrue on any amount not paid within 30 days from the date of the demand, and that interest rate shall be the rate established by the Secretary of the Treasury, for the period affected, under Public Law 92.41." Pl. Br. Exh. 2. As of August 15, 2007, the amount due is 1,128139.33, well in excess of the combined contract balance and separate contract proceeds. Even using February 23, 2006 as the reference date, shows that the amount of the claim exceeds the combined amount. Thus, even if this Court were to possess the power, absent a money judgment, to direct the Government to release funds in a separate unrelated case, there is no factual basis for the Court to do so in this case.

Finally, given Roxco's false underlying assumptions, it makes little sense to require Roxco to put in writing what we already know to be true. Delaying our response until after the merits of this case is decided, to include our liquidated damages counterclaim, would most likely moot this motion. It appears that Roxco seeks any excess funds from the settlement proceeds in Fed. Cl. No. 04-1680. Once a judicial decision has been reached upon the Government's counterclaim, the parties will know the amount that Roxco owes the Government. If the amount is less than the separate contract settlement proceeds, then the difference would be returned to Roxco with interest. See 31 U.S.C. § 3728. Thus, there is no harm to Roxco in delaying our response to this motion.

CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court stay defendant's briefing requirements, pending resolution of the other remaining issues of liability. Alternatively, the Court may deny the motion for complete or partial summary judgment because the motion is not supported by a statement of uncontroverted facts and otherwise fails to demonstrate that there are no material factual issues in dispute or that Roxco is entitled to judgment as a matter of law.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/BRIAN M. SIMKIN/BY KIRK MANHARDT
BRIAN M. SIMKIN
Assistant Director

s/MICHAEL D. AUSTIN
MICHAEL D. AUSTIN
Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0321
(202) 305-7644 (fax)

Of Counsel:

Bryan O'Boyle
Senior Trial Attorney
Air Force Legal Services Agency

August 30, 2007

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 30TH day of August 2007, I caused to be placed in the CFC's electric filing system a copy of "DEFENDANT'S MOTION TO STAY BRIEFING ON PLAINTIFF'S MOTION FOR COMPLETE OR PARTIAL SUMMARY JUDGMENT ON COUNTERCLAIM AND FOR OTHER RELIEF" addressed as follows:

E. Stephen Williams
Young & Williams, P.A.
Post Office Box 23059
Jackson, MS 39225-3059

___________________________________