**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ROXCO, LTD.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **No. 02-176** |
| | ) | **(Judge Sweeney)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant** | ) | |

**<u>ROXCO'S RESPONSE TO DEFENDANT'S MOTION TO STAY BRIEFING</u>**

On or about July 12, 2007, the Plaintiff, Roxco, Ltd. ("Roxco"), filed its Motion for Complete or Partial Summary Judgment on Counterclaim and for Other Relief together with an Appendix of supporting documents (Doc 118). After first requesting and obtaining additional time to respond to Roxco's Motion (Doc 120 and Doc 121), the Government filed its Motion to Stay Briefing on Plaintiff's Motion for Complete or Partial Summary Judgment and For Other Relief on the liquidated damage counterclaim (Doc 123). This is Roxco's response to the Government's Motion.

**I. <u>Rule 56(h)(1), Rules of the United States Court of Federal Claims ("RCFC")</u>.**

Roxco's counsel acknowledges his failure to comply specifically with RCFC 56(h)(1). However, Roxco requests that the Court consider the following:

1. Roxco hereby tenders its Proposed Findings of Uncontroverted Fact. Roxco respectfully requests that the Court in its discretion receive and consider Roxco's Proposed Findings of Uncontroverted Fact and any response which the Government may wish to submit.

2. All of the facts contained in Roxco's Proposed Findings of Uncontroverted Fact were and are contained in the Appendix to its original Motion for Summary Judgment on the liquidated damage counterclaim as Exhibits 1-4. Additional facts and legal conclusions upon which Roxco's Motion is based are contained in this Court's prior reported decisions in this case. See Roxco, Ltd. v The United States, 77 Fed. Cl. 138 (2007) ("Roxco II").

3. The Government in its current Motion disputes none of the Exhibits to Roxco's original Motion and instead quotes from and relies upon those same exhibits throughout its Motion to Stay Briefing. The Government may certainly argue different conclusions from those documents, but the facts reflected within those documents are the same.

**II. The Government's Counterclaim.**

Roxco's position concerning the Government's Counterclaim is straight forward. On May 15, 2003, the Contracting Officer made a final decision which determined liquidated damages, determined a contract balance and set-off the contract balance against the liquidated damages. As a result of that determination and set-off, the Government is entitled to claim no more than $136,982.37 as liquidated damages in this case. Based on Roxco II, that is the law of this case.

The Government offers several red herrings in support of their request for the Court to stay its consideration of Roxco's Motion. First, Defendant states: "To date, neither Roxco nor the surety has submitted an invoice for the remaining contract balance." Defendant's Motion, Page 2. However, Roxco clearly seeks recovery of the contract balance as asserted in its Amended Counterclaim dated October 16, 2003. Roxco submits that invoicing for a contract balance is a useless and unnecessary act in the face of the Contracting Officer's Final Decision,

Roxco's appeal therefrom and Roxco's Amended Complaint seeking recovery of the Contract Balance.[1]

Another red herring is the Government's statement that "Roxco has never requested a deferment" of the liquidated damages. Defendant's Motion, Page 3. Promptly following the Contracting Officer's Final Decision on May 15, 2003, concerning liquidating damages, contract balance and set-off, Roxco moved this Court with opposition from the Government to allow Roxco to file an Amended Complaint seeking reversal of the Contracting Officer's May 15, 2003, decisions and recovery of all of its contract damages, including the Contract Balance. It is difficult to imagine a more appropriate place to seek deferment than the United States Court of Federal Claims.

Finally, the Government states that "Roxco's motives for its Motion are suspect." Motion, Page 5. Roxco respectfully submits that the only motives that are suspect concerning this issue are the Government's motives. Consider the following:

1. It is undisputed (and the subject of this Court's decision in Roxco II) that the Contracting Officer determined liquidated damages on May 15, 2003, in the amount of $909,791.00 and decided to set-off the Contract Balance of $772,808.63 against those alleged damages. As a result of simple set off and subtraction, the Government can have a claim for liquidated damages of no more than $136,982.37.

2. In a separate action in this Court involving a separate project, Roxco recovered a Judgment against the Government for $210,000.00, plus CDA interest. In order to prevent

[1] Counsel for the Government incorrectly states in a footnote that Roxco does not set forth the basis for its claim that the Contract Balance was actually $760,997.00. As stated in Roxco's Brief, the source of that number is the Expert Report of Roxco's consultant whose report has been submitted to the Government in accordance with the Scheduling Order in this case and referred to in this Court's Opinion in Roxco II, Page 148.

collection of any part of Roxco's lawful judgment, the Government has affirmatively claimed a set-off for the Barksdale Liquidated Damages without crediting Roxco for set off of the Barksdale Contract Balance in accordance with its own Contracting Officer's decision.

3. By its Motion for Summary Judgment on the liquidated damage counterclaim, Roxco calls into question the propriety of the actions by the Government. It should be the goal of litigators to contest only issues which are seriously disputed. How can the Government seriously dispute that it is only entitled to claim liquidated damages of $136,982.37? No sufficient answer is or has yet been offered by the Government.

**III. When is a Setoff Not a Setoff?**

The Government argues that "[s]ubmission of an invoice is a necessary predicate to accomplishing a set-off." Defendant's Motion, page 11, citing 48 C.F.R § 32.611. However, that provision does not make invoicing a prerequisite. The entire regulation reads as follows:

> **32.611 Routine setoff.**
>
> If a disbursing officer is the responsible official for collection of a contract debt, or is notified of the debt by the responsible official and has contractor invoices on hand for payment, the disbursing officer shall make an appropriate setoff. The disbursing officer shall give the contractor an explanation of the setoff. To the extent that the setoff reduces the debt, the explanation shall replace the demand prescribed in 32.610.

The Contracting Officer is the "responsible official" under this regulation. 48 C.F.R § 32.601. Here, the Contracting Officer has determined liquidated damages, determined the contract balance and determined to exercise a set off and so explained those decisions in the May 15, 2003 documents. Routine setoff has been effectuated.

Defendant cites Citizens Bank v. Strumpf, 516 U.S. 16, 19 (1995) (a case deciding issues of Bankruptcy Law) and Applied Companies v. United States, 144 F.3d 1470, 1474 (Fed. Cir. 1998), for the proposition that a valid setoff requires "(i) a decision to effectuate a setoff, (ii)

some action accomplishing the setoff, and (iii) a recording of the setoff." Citizens Bank, supra, at 19.

Roxco simply asks which of those elements has not yet occurred in this case? On May 15, 2003, the Contracting Officer made a decision to effectuate a setoff, accomplished the setoff in the same document and recorded the decision for Roxco and the world to see. Roxco respectfully submits that this issue has already been resolved in this case. As this Court stated in Roxco II, at page 148, under the heading of **"Did the CO Issue a Final Decision Regarding the Disposition of the Contract Balance?"**:

> Applying the rule in *Placeway*, this court finds that the Demand Letter and Final Decision constitute one document granting a government claim against Roxco. Just as the May 15, 2003 Final Decision determined explicitly that the government was entitled to liquidated damages pursuant to the Contract, the CO would not have awarded liquidated damages to the government unless she also determined Roxco was liable. Fn. 8
>
> (Fn. 8. Nothing in either May 15, 2003 document can be construed as an invitation to negotiate. To the contrary, liability was determined and damages fixed, ***including the use of the contract balance as an offset to the government's damages***.) (emphasis added).

Apparently, a set off is not a set off whenever the Defendant says so. In Barksdale, it is a setoff. When Roxco seeks to collect its lawful judgment in the Warner Robins case, it is not a setoff. The Government cannot have it both ways. The Contract Balance either is a set off or it is not. This Court has already decided that the Contracting Officer set off the Contract Balance and that ruling should not be disturbed.

## IV. The Liquidated Damage Legal Standard.

Roxco does not dispute the various legal standards asserted by the Government on Page 8 and 9 of the Government's Motion concerning liquidated damage entitlement disputes. Roxco

believes that it correctly incorporates those legal standards in its Amended Complaint where it alleges the following in Count IV:

> "30. Pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 601, et seq., Roxco appeals the May 15, 2003, Final Decision of the Contracting Officer concerning liquidated damages and requests the Court reverse the Contracting Officer's decision and/or adjudicate that: (i) Roxco is not responsible for any liquidated damages as asserted by the Contracting Officer; (ii) any delays on the project which were beyond Roxco's control and without the fault or negligence of Roxco, are not Roxco's responsibility; and (iii) the Air Force is not entitled to recover any liquidated damages from Roxco, or in the alternative, that the Court award Roxco additional time and/or damages which exceed or off-set such liquidated damages." See Amended Complaint, Paragraph 30, October 16, 2003.

Roxco does not contest the math of the Contracting Officer's liquidated damage calculations, as the Government opines in its Motion: "Here, this is a matter of arithmetic, which in its Motion Roxco does not even attempt to challenge." Defendant's Motion, page 8.[2] Roxco does challenge the arithmetic of the Government in its failure to honor the Contracting Officer's decision to off-set the Contract Balance against those liquidated damages as stated above.

Roxco agrees that the issue of the Government's entitlement to liquidated damages remains for trial in this case. However, Roxco submits that it is beyond dispute that the Government is entitled to claim no more than $136,982.37 by its own determinations.

**IV. <u>Conclusion</u>.**

Roxco respectfully requests that the Government's Motion to delay briefing on Roxco's Motion for Complete or Partial Summary Judgment on Counterclaim and for Other Relief be denied and that the Court allow the Defendant not more than 10 days to respond further to said

[2] Roxco does contest the Government's entitlement to liquidated damages on the Barksdale Project.

Motion or failing further response, to proceed to consideration of Roxco's Motion on the papers and briefs submitted thus far.

Dated: September 10, 2007.

Respectfully submitted,

ROXCO, LTD
PLAINTIFF

by: _/s/ E. Stephen Williams___ _______
E. Stephen Williams, Its Attorney

YoungWilliams, P.A.
2000 AmSouth Plaza
Post Office Box 23059
Jackson, Mississippi 39225-3059
Telephone: (601)948-6100
Facsimile: (601)355-6136
steve.williams@youngwilliams.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of September, 2007, a copy of the foregoing Roxco's Response to Defendant's Motion to Stay Briefing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____/s/ E. Stephen Williams______