**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ROXCO, LTD.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **No. 02-176** |
| | ) | **(Judge Sweeney)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant** | ) | |

**PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to Rule 56(h)(1), Rules of the United States Court of Federal Claims ("RCFC"), the Plaintiff, Roxco, Ltd. ("Roxco"), submits this its Proposed Findings of Uncontroverted Fact in connection with Roxco's Motion for Complete or Partial Summary Judgment on Counterclaim and for Other Relief (Doc 118), said Motion dated and filed herein on July 12, 2007. The supporting exhibits referred to herein are attached to the original Motion in an Appendix and are incorporated herein by reference:

1. The Defendants Counterclaim for Liquidated Damages is based upon a May 15, 2003, memorandum of the Contracting Officer which was denominated as "Final Decision." Roxco, Ltd. v The United States, 77 Fed. Cl. 138 (2007) ("Roxco II").

2. The final decision was accompanied by a "Demand Letter" on the same date which concluded that a contract balance of $772,808.63 would be disposed of as a set-off against the liquidated damages claimed by the Defendant. Roxco II, at 148.

3. The Demand Letter and Final Decision constitute one document granting a government claim against Roxco. Roxco II, at 148.

4. $909,791.00 - $772,808.63 = $136,982.37. Simple arithmetic.

5. On January 26, 2006, the United States Court of Federal Claims rendered a Final Judgment in Cause No. 04-1680C, "Roxco, Ltd. v The United States," that Roxco recover the sum of $210,000.00 from the United States Government plus Contract Disputes Act interest from and after March 4, 2004. Appendix, Exhibit 1 ("Warner Robins Judgment").

6. On or about February 7, 2006, the Justice Department attorneys representing the Defendant in connection with the Warner Robins case issued a Judgment Fund Transmittal Document, FMS Form 194, to the Department of the Treasury with respect to the Warner Robins Judgment. Appendix, Exhibit 2 ("JD Transmittal Letter").

7. Although acknowledging the Warner Robins judgment in favor of Roxco, the JD Transmittal Letter indicates that the Government nevertheless claimed a debt set-off against the Warner Robins Judgment in the amount of $909.791.00 for the liquidated damages at the Barksdale Project without acknowledging the previous set-off of the Barksdale Contract Balance.

8. Following the Defendant's added set-off claim against the Warner Robins Judgment under 31 U.S.C. § 3728, by letter dated February 23, 2006, Roxco requested payment of the Warner Robins Judgment and denied the alleged debt to the Air Force for the liquidated damage set-off. See Appendix Exhibit 3 ("Request for Judgment Payment"). In its Request for Judgment Payment, Roxco also pointed out to the Judgment Fund Group the CO's prior decision to set-off the Barksdale Contract Balance against the alleged liquidated damages.

9. Answering Roxco's Request for Judgment Payment and without acknowledging the previous set off of the Barksdale Contract Balance, the Government responded by letter dated

March 9, 2006, indicating that it would continue to withhold payment of the Warner Robins Judgment and any portion thereof pending the results of this litigation. See Appendix, Exhibit 4.

Dated: September 10, 2007.

Respectfully submitted,

ROXCO, LTD
PLAINTIFF

by: _/s/ E. Stephen Williams___________
E. Stephen Williams, Its Attorney

YoungWilliams, P.A.
2000 AmSouth Plaza
Post Office Box 23059
Jackson, Mississippi 39225-3059
Telephone: (601)948-6100
Facsimile: (601)355-6136
steve.williams@youngwilliams.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of September, 2007, a copy of the foregoing Proposed Findings of Uncontroverted Fact was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

____/s/ E. Stephen Williams_____