IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROXCO, LTD. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 02-176C (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO ROXCO'S RESPONSE TO DEFENDANT'S MOTION TO STAY BRIEFING

Defendant, the United States, respectfully submits the following reply to plaintiff's response in opposition to our motion to stay briefing on plaintiff's motion for complete or partial summary judgment. Roxco Ltd's ("Roxco" or "plaintiff") response offers little in the way of persuasive reasoning to deny our motion. The thrust of Roxco's response strongly suggests that it would be in the interest of an orderly approach to this litigation for the Court to grant a stay. Accordingly, defendant respectfully requests that based upon the strength of our previously filed motion, and the arguments below, that our motion be granted.

In its motion, Roxco seeks complete dismissal of our counterclaim for liquidated damages, or in the alternative, partial summary judgment setting a cap upon the amount of liquidated damages the Government can receive upon our counterclaim for liquidated damages. Additionally, Roxco seeks a directive from this Court to order the Government to release funds from a separate case currently being withheld pending

resolution of our counterclaim.[1]

In our motion to stay, we pointed out that a stay would be in order because 1) Roxco never complied with RCFC 56(h)(1), Defendant's Motion ("Def. Mo.") p. 7, 2), Roxco's motion materially misstates the applicable law, Def. Mo. P 7-10, 3) Roxco bases its motion for summary judgment upon at least two false assumptions, Def. Mo. P. 10-13, and 4) as a result of points two and three, it would be an inefficient use of judicial resources to decide this motion in its present form. Id.

Although Roxco has belatedly submitted a Statement of Proposed Findings of Uncontroverted Fact, Roxco, as a factual matter, either never seriously contests or fails to substantively address our remaining points.[2] For example, in our opening brief, we noted that Roxco has misapplied the applicable standards for reviewing a liquidated damages decision. Def. Mo. 7-10. In its response, Roxco agrees that we have stated the correct standards. Plaintiff's Response ("P. Res.") p. 5-6. Roxco goes so far as to agree that the contracting officer's

---

[1] We note that the withholding is solely due to Roxco's decision to contest that it is liable for any liquidated damages. See, Plaintiff's Brief filed on 12, 2007, exhibit 4 ("Since you [Roxco] do not consent to the setoff, litigation must be initiated to reduce your debt to judgment.").

[2] In light of our pending motion, we respectfully request that if this Court were to deny our motion, we be allowed 21 days from the date of the order within which to file our opposition to Roxco's motion for complete or partial summary judgment.

calculations of liquidated damages is correct. Id. at 6. Roxco never explains how its incorrect recitation of the applicable law nevertheless entitles it to summary judgment in its favor upon our counterclaim. As a result, Roxco's apparent concession as to the validity of the underlying liquidated damages decision raises the question of why Roxco has filed this motion at this time.

More importantly, Roxco never sets forth, in either its moving brief or in its response to our stay motion, how deciding the issue of potential maximum quantum, while at the same time reserving the right to litigate the Government's entitlement to liquidated damages in the first place, will somehow how streamline this litigation. Indeed, Roxco admits or "agrees that the issue of the Government's entitlement to liquidated damages remains for trial in this case." P. Res p. 6. Thus, it adds little to this litigation to decide the subject matter of Roxco's motion at this time.

In our opening brief, we also explained how Roxco's motion is based upon two false premises- 1) that there has been a partial set-off in this case, and 2) the amount of the Government's counterclaim is fixed in time. Def. Mo. 10. In its response, Roxco never directly addresses those two points. According to Roxco, the contracting officer's demand letter constitutes prima facie evidence that a partial set-off has occurred. P. Res p. 4-5. As such, Roxco maintains that the

amount of the Government's debt is fixed at the amount stated in the demand letter. Roxco is mistaken on both counts. We believe that the factual allegations contained in Roxco's motion supports an almost irrefutable inference that no set-off, partial or otherwise, has yet occurred. Moreover, the factual allegations also support a finding that the amount of the liquidated damages has increased due to interest. Thus, even without substantively responding to Roxco's proposed findings of fact, one can easily determine that there are genuine issues of material fact precluding summary judgment in Roxco's favor.

As we have already stated, Roxco believes that there are no genuine issues of material fact precluding summary judgment in its favor. We have already shown that, with regards to Roxco's motion for complete summary judgment, Roxco has misstated the applicable law. Moreover, we also know that Roxco's motion for partial summary judgment is based upon two false assumptions. Finally, with regards to Roxco's request for this Court to direct the Government to release any excess funds from the separate contract litigation, we know that this Court's ability to direct the Government to take that action must tied to a money judgment. See 28 U.S.C. § 1491 (a)(2). It is unclear whether at this stage whether Roxco is seeking a determination of the exact amount of liquidated damages the Government can recover, or is merely seeking to cap the potential recovery. Nonetheless, waiting

until the other triable issues have been resolved will obviate all of the impediments to resolving Roxco's motion.

For the foregoing reasons and the reasons stated in our opening brief, the Government respectfully requests that this Court stay defendant's briefing requirements, pending resolution of the other remaining issues of liability.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

S/Michael D. Austin
MICHAEL D. AUSTIN
Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 616-0321
(202) 305-7644 (fax)

Of Counsel:

Bryan O'Boyle
Senior Trial Attorney
Air Force Legal Services Agency

September 24 2007

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of September, 2007, a copy of the foregoing "DEFENDANT'S REPLY TO ROXCO'S RESPONSE TO DEFENDANT'S MOTION TO STAY BRIEFING" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Michael D. Austin