# In the United States Court of Federal Claims

No. 02-176C
(Filed: September 27, 2007)

| | |
|---|---|
| ROXCO, LTD., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

## ORDER

On July 12, 2007, plaintiff filed its Motion for Complete or Partial Summary Judgment on Counterclaim and for Other Relief ("Motion for Summary Judgment"). In its Motion for Summary Judgment, plaintiff asks that this court enter a partial summary judgment on defendant's counterclaim limiting the counterclaim to no more than $136,982.37, which plaintiff represents is the difference between the contract balance and the liquidated damages counterclaim; however, plaintiff also seeks to reserve its right to contest the government's entitlement to liquidated damages at trial. In the alternative, plaintiff asks this court to dismiss defendant's counterclaim based upon the government's alleged inappropriate and exorbitant set-off claim against the judgment plaintiff received on the Warner Robins contract in Roxco, Ltd. v. United States, 04-1680C ("Warner Robins judgment"). Finally, and in the alternative, plaintiff asks this court to direct defendant to withdraw and/or correct its set-off claim against the Warner Robins judgment.

In response, on August 30, 2007, defendant filed its Motion to Stay Briefing on Plaintiff's Motion for Complete or Partial Summary Judgment on Counterclaim and for Other Relief ("Motion to Stay Briefing"). Defendant asserts that the issues presented in plaintiff's Motion for Summary Judgment are best resolved at trial and addressing these issues now only serves to delay proceeding to trial.

The court agrees with defendant. Plaintiff's Motion for Summary Judgment presents issues that must be resolved at trial, given that plaintiff reserves its right to contest entitlement and/or the calculation of liquidated damages and the contract balance. Genuine issues of material fact remain in dispute. Thus, plaintiff's Motion for Summary Judgment does not narrow issues

for trial, nor does it expedite resolution of this case. **Accordingly, defendant's Motion to Stay Briefing is GRANTED.**

**The parties shall file a joint status report no later than Friday, October 12, 2007, advising whether they wish to pursue alternative dispute resolution or proceed to trial**. If trial is requested, the parties shall propose jointly-agreed dates and the length of trial. It is the court's understanding that trial shall be conducted in Shreveport, Louisiana.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge